## WHITE v. SNYDER.

### March 25, 1840.

*Rule to show cause why the nonsuit should not be taken off.*

C. conveyed to W. in 1836, a house and lot in the City of Philadelphia, (which he owned in 1831,) the wall of which was one half on a lot then owned by S. In 1831, S. built on his lot, and used the party wall then belonging to C. W. brought suit in his own name against S. for a reimbursement of the moiety of the cost of the wall under the act of 24th Feb. 1721. *Held:*

1. W. could not recover in that form of action.
2. The claim of W. was a *chose in action,* and the suit should have been brought in the name of C. to the use of W. against the defendant.

THIS suit was brought for the sum of $174 03, with interest from August 3d, 1831, for a moiety of a party wall between the premises of the plaintiff and defendant.

Anthony Chardon, by deed dated the 1st of April, A. D. 1836, conveyed certain premises (including the party wall in question) to the plaintiff in fee. Recorded G. W. R., No. 12, 251, &c.

William Hamilton et al. by deed dated 23d of December, 1809, conveyed certain property adjoining the above to Joseph Snyder in fee.

In 1831, the defendant built the house adjoining the property of the plaintiff, and used the party wall of the plaintiff, for the value of which this suit was brought.

After plaintiff's evidence was closed, his Honour, Judge STROUD, ordered a nonsuit to be entered under the act of 1836, on the ground that the right to the party wall was a chose in action, and that the suit should have been in the name of Anthony Chardon to the use of Charles H. White v. Joseph Snyder.

On motion of plaintiff's counsel, a rule on the defendant to show cause why the nonsuit should not be taken off was granted, and the following reason was filed:

" Because the judge erred in entering the nonsuit, under the act of 1836, upon the ground that the right to the party wall was a chose in action, and that the suit should have been brought in the

[White v. Snyder.]

name of Anthony Chardon to the use of Charles H. White *v.* Joseph Snyder."

*Emlen*, for plaintiff, cited Act of 1721, *Purd.* 984, 2d section; 1 *Dall.* 342; 5 *S. & R.* 1; 2 *Mass.* 460; Bickford *v.* Page, 5 *Cowen* 137.

*J. R. Ingersoll*, for defendant.

Per Curiam.—In Oat *v.* Middleton, and Norris *v.* Adams,[a] we decided that in order to establish a claim for the moiety of the cost of a party wall, the plaintiff must show that the owners stood in the relation of *party and party* at the time the wall was built. In this case there were, undoubtedly, different owners of the two lots, and therefore *parties.* But the claim for a reimbursement of the moiety of the cost of the party wall is not a lien on the land, but only a personal charge against the builder of the second house, (1 *Dall.* 341; 5 *S. & R.* 1.) The legal personal right to be enforced in this case, then, was in *Chardon*, and not in the plaintiff, who was merely the equitable owner of the claim by virtue of the conveyance of Chardon to him. It was a *chose in action*, and the suit was therefore erroneously brought. (*Act of* 24 *Feb.* 1721; *Stroud's Purd. Appendix.*)

Rule discharged.