## TODD *v.* STOKES.

The right to reimbursement for the use of a party-wall is personal to the first builder, and does not pass by his grant of the lot, house, and appurtenances.

IN error from the District Court of Philadelphia.

*March* 14. Hopkins, being the owner of a lot, entered into a contract with Waters to erect a house on the premises, and, by the

agreement, Waters was to have the benefit of the party-wall on the east, "and may dispose of the same for his own profit."

Hopkins conveyed to Todd, without notice of this agreement. Stokes, the adjoining owner, used the party-wall on the east, and Todd brought this action, which was turned into a case stated.

The court gave judgment for defendant.

*Ingraham*, for plaintiff in error.—The right is incident to the ownership of the land. The wall passes to the purchaser as an appurtenant to the house, and he has the right to compensation for its use. The agreement with Waters does not affect him, for it was not recorded, and he had no notice.

*Binney*, Jr., and *Gerhard*, contrà.—The point has been decided in many cases. The right is a personal one; the compensation is for erecting a wall on another man's land, which the statute allows, and compels payment when that owner desires to use it: 1 Dall. 341; 5 S. & R. 1; 2 Miles, 247, 337, 395; 9 Barr, 501.

*March* 16. COULTER, J.—That compensation for one-half the cost of a party-wall, is only a *chose in action*, or personal liability against the second builder, has been so often decided, that it no longer remains an open question. There must be an end of disputation, even on a doubtful question; and the quiet and repose of society, for that purpose, adopts decision for the rule of right: *Res judicata pro veritate accipitur.* Davids v. Harris, 9 Barr, 501, Hart v. Kucher, 5 S. & R. 1, Ingles v. Bringhurst, 1 Dal. 341, White v. Snyder, 2 Miles, 395, decide this question. And that principle rules this case. If Todd had used the wall, it cannot be disputed but he would have been liable to Hopkins, if Hopkins had not assigned to Waters, who was the actual builder. It having been so assigned, he became liable to Waters, the legal and equitable owner of the claim. It is of no force to say that Todd had no notice of this assignment, and that he had a right to suppose that he purchased the claim as appurtenant to the lot. But all men are bound to know the law; and it having been conclusively settled that the claim was not appurtenant to or part of the realty, and therefore did not pass with the land, but was a *chose in action*, and might, therefore, be equitably assigned, like any other *chose*, the purchaser, who used the wall, was bound to inquire whether the claim for a moiety of the expense was extinguished, assigned, or released. It was not necessary that the first

assignee should give notice, any more than the equitable or legal assignee of any other *chose in action* is bound to do so. The principle is the same as that ruled in Frantz *v.* Brown, 1 Penna. 262, that one, about to take an assignment of a bond, is bound to inquire into every circumstance that might be set up against the payment of any part of the debt; and, if he fails to do so, he will stand exactly in the place of the obligee. So in this case, if Todd (even admitting that he purchased the moiety from Hopkins) will stand exactly in the place of Hopkins, who could have no defence or priority against Waters.

The law is not so poor in expedients as the counsel for the plaintiff in error would imagine: it never fails to provide a remedy where there is a legal right. And the owner of this description of right will have no difficulty in finding, in the repository of the law, a form of action to compel payment by the person on whom the obligation rests.

Judgment affirmed.