## Bell *versus* Bronson.

A conveyance of a house by the first builder, made *before* the passage of the Act of 1849, relative to party-walls, did not pass to his grantee a right to compensation for the use of the *party-wall*, against one who used it *after* the conveyance, and after the passage of the Act of 1849.

ERROR to the Common Pleas, *Philadelphia.*

This was an action by Charles F. Bronson against James Bell, to recover one half of the cost of a party-wall in Philadelphia, which was used by Bell, but was claimed by Bronson under a conveyance of the house, of which it formed a part, from the first builder. The conveyance to Bronson was dated 7th June, 1847. The wall, however, was cut into by direction of Bell, *after* the passage of the Act of 1849.

On the trial, the court below reserved the two following points:
—1. Did the right to compensation for the use of the wall pass *to the plaintiff* by the conveyance of the land?
2. Does the Act of April 10, 1849, reach the plaintiff's case?

On these points the court below entered judgment for plaintiff; thus deciding that the plaintiff could recover by means of the Act of 1849.

The Act of 24th February, 1721, regulating party-walls in the city of Philadelphia, *inter alia* provides, that "the first builder shall be reimbursed one moiety of the charge of such party-wall, or for so much thereof as the next builder shall have occasion to make use of, before such next builder shall anyways use or break into the said wall; the charge or value thereof to be set by the said regulators."

On the 10th of April, 1849, the legislature enacted, "That in all conveyances of houses and buildings, the right to and compensation for the party-wall built therewith shall be taken to have passed to the purchaser, unless otherwise expressed; and the owner of the house for the time being shall have all the remedies in respect to such party-wall as he might have in relation to the house to which this attached; and so much of any previous law as is inconsistent with the provisions of this section, is hereby repealed:" *Pamphlet Laws* 1849, p. 600.

Error was assigned to the decision of the court below.

*Hazlehurst*, for plaintiff in error.—1. The right to reimbursement for the use of a party-wall is in the first builder, and does not pass by his conveyance of the house and lot: Todd *v.* Stokes, 10 *Barr* 155.

A conveyance of a house and lot, by the first builder, does not pass *the right to compensation* for the use of the party-wall by second builder: Gilbert *v.* Drew, 10 *Barr* 219.

[Bell *v.* Bronson.]

2. As to the effect of the Act of April 10, 1849, on this case: The words are, "in all conveyances the right to compensation shall be taken to have passed," &c., &c.

The court will not give a retroactive effect to statutes operating on a right, unless compelled to do so by direct and positive words: Lefevre *v.* Witmer, 10 *Barr* 505.

Before the Act of 10th April, 1849, relative to the right to compensation for the use of party-walls, the claim for the use of a party-wall did not pass from the first owner by his conveyance of the house and lot; and that Act does not operate *retrospectively* upon a suit for compensation for the use of the wall, instituted before its passage: Dannaker *v.* Riley, 2 *Harris* 435.

*F. C. Brewster*, for defendant in error.—The Act was passed after the decisions of Davids *v.* Harris, 9 *Barr* 501; Todd *v.* Stokes, 10 *Barr* 155; and Gilbert *v.* Drew, *Id.* 219; and evidently with the view of destroying them by legislative enactment. It is clear, from the language employed, that it was intended to have a retroactive effect.

In the case of Dannaker *v.* Riley, 2 *Harris* 435, cited by the plaintiff in error, the judgment of the court below had been entered before the passage of the Act, and the Supreme Court merely decided that the law could not affect a judgment already entered. BURNSIDE, J. (p. 483), says, "The Act of 1849 was not passed when the judgment was entered: the judgment was right under the Act of 1721."

In this case the wall was not used until one year and upwards after the Act of April 10, 1849, and under its terms the plaintiff below, being "the owner of the house," has "all the remedies in respect to such party-wall as he might have in relation to the house to which this attached."

The Act of 1849 is constitutional: Dannaker *v.* Riley, 2 *Harris* 435; Martindale *v.* Warner, 3 *Id.* 471.

The opinion of the court was delivered February 12, 1852, by

LEWIS, J.—The deed of June 7, 1847, did not pass the right to compensation for the moiety of the party-wall, or for any other structure erected upon the adjoining lot. This was the construction of that deed, at the time it was executed, as settled by a long and uniform course of decision.

The people of this Commonwealth have a right to make their own contracts, and there is nothing in the Act of 10th April, 1849, which indicates any design on the part of their representatives, to usurp the power to include in the grant of 1847, a matter which the parties themselves had purposely omitted. It has already been decided that the Act of 1849 is not retrospective, and does not operate on deeds made before its enactment: 2 *Harris* 437.

[Bell *v.* Bronson.]

If the right to compensation for the moiety of the party-wall did not pass to the plaintiff below by the deed of 1847, it can scarcely be necessary to say that it is not material to his case at what time it was "cut into" by the adjoining proprietor.

Judgment reversed and *venire de novo* awarded.