By the Court. Bosworth, J.
The conveyance by Hanrahan to Mrs. Burloek of lot 69, in March, 1840, transferred to her the title to the whole of the party-wall standing on the easterly line of the lot. Six inches of its width had been lawfully erected on lot 71. The right and privilege to so erect it, were given by the deed of 1839 from Peck to Hanrahan. Until Peck or his grantee of lot 71, built on the latter lot, and used the party-wall, the wall was the sole property of Mrs. Burloek, from the time lot 69 was conveyed to her.
Nothing had been paid for'the party-wall up to the time she became the owner of lot 69. The party-wall was not used by any owner of lot 71, until over seven years after she became the absolute and exclusive owner of lot 69, and of the building erected thereon with its appurtenances, and of every claim and demand of her grantors of, in, and to the same.
When Hanrahan built on lot 71, and used the party-wall of the building, belonging to plaintiff’s intestate, he appropriated to his own use her property. It was lawful for him to so appropriate it. But when it was so used she had a right to be paid one half of its value. If Peck wag liable under his covenant to pay half of its value, she was entitled to the payment, for the reason that the property which had been taken and used was hers. (Brown v. Pentz (decided by the Court of Appeals), N. Y. Legal Observer, vol. i., p. 24; United States v. Appleton, 1 Sum. R. 492.)
Mrs. Burloek bought and paid for a lot with a dwelling-house on it, having half of one of its walls rightfully on an adjoining lot belonging to Peck, which party-wall he or his grantees had a right to use, but with respect to which he covenanted to pay half of its value when used. When it was used Mrs. Burloek owned it, and she was equitably entitled to the money. The sale and conveyance of property subject to a certain use on payment of a stipulated consideration, carries with it the right to receive such consideration, when the stipulated use shall be made of the property.
*98 We have not overlooked the numerous decisions of the Supreme Court of Pennsylvania, which hold that the claim to compensation for the use of a party-wall is personal to the first builder, is a mere chose in action, is not a lien on the land, will not pass to a grantee of the building of which it is a part by a conveyance of the lot and building with its appurtenances, and is only a personal charge against the builder of the second house. (White v. Snyder, 2 Miles, 395; Oat v. Middleton, id. 248; Hart v. Kucher, 5 S. & R., 1 Dallas, 341. Ingles v. Bringhurst, 10 Barr. 219; Gilbert v. Drew, 10 id. 155. Todd v. Stokes.)
These cases either arqse under the statute of that State of the 24th of February, 1721, or were decided on the authority of cases thus arising. That statute provides that, “ the first builder shall be reimbursed for one moiety of the charge of the party-wall, or for so much as the next builder shall use before he breaks into the wall.” (Davids v. Harris, 9 Barr. 503.)
We are unable to perceive any substantial difference between this case, and Brown v. Pentz, and on the authority of the latter the plaintiff is entitled to revover, unless the objection is well taken, that the action should have been brought by the heirs instead of the administrator of Hrs. Burlock.
When this party-wall was used, her right of action to recover half of its value became perfect and absolute. This was in her life-time. The title to the half of the wall standing on 71, on, and after the time it was used by the owner of lot 71, was vested absolutely in him; and the owner of each lot, besides owning in fee the part standing on his lot, has, and from that time had, an easement in the other part for the support of his own house. The title to nothing for which Peck was to' pay, descended to the heirs of Hrs. Burlock. It would seem to be as clear that the administrator should recover for the half of the wall, as for the unpaid consideration money of land sold and conveyed by an intestate in his life-time. (Hamilton v. Wilson, 4 J. R. 72.)
We think the judgment appealed from should be reversed, and judgment entered for the plaintiff, but with liberty to the defendant to withdraw the demurrer, and'answer in 20 days on payment of the plaintiff’s costs upon the demurrer and of this appeal.