# Knight *et al. versus* Beenken.

Since the Act of 10th April 1849, the right of the first builder in a party-wall is an interest in the realty, and will pass to a grantee of the land, notwithstanding a prior unrecorded bill of sale, purporting to assign the party's interest in the wall.

ERROR to the Common Pleas of *Philadelphia.*

This was an action of *assumpsit* by John Beenken against Jacob Knight and Charles Doerr, trading as Knight & Doerr, wherein the parties stated the following case for the opinion of the court, to be considered as a special verdict:—

"In 1853, Sebastian Root took a lot of ground on Franklin street, above Poplar street, the ground adjoining then belonging to Mr. Fotteral, and built upon it a three story brick house, four and one-half inches whereof is on the adjoining lot, making the house twenty feet eight and three-quarter inches in front.

"On the 25th of May 1854, in consideration of the sum of $4500, said Sebastian Root conveyed to the plaintiff the said three story brick dwelling and lot of ground, the same being situated

[Knight *et al. v.* Beenken.]

on the east side of Franklin street, at the distance of three hundred and twenty-two feet five inches and one-quarter of an inch northward from the north side of Poplar street, containing in front on the said Franklin street, twenty feet four and one-quarter inches, and extending in depth eastward on the south line, ninety-eight feet ten inches, and one-eighth of an inch, and on the north line ninety-eight feet four inches and three-eighths of an inch, subject to a yearly ground-rent of $120. The deed was recorded in the proper office, May 31st 1854, in Deed Book T. H. No. 150, page 204, &c. There was no reservation of the party-wall, nor was the same otherwise expressed in the said deed.

"In January 1856, the defendants became the owners of the adjoining lot on the south side, and design using the whole of the party-wall (in the erection of a three story brick dwelling), valued at $206.39.

"Messrs. Dilks & Collins are the holders of a bill of sale from Sebastian Root to them, made the 1st of May 1854, by virtue of which they claim to be the owners of the party-wall, and they have since, to wit, May 1856, agreed to convey to the defendants the right to use the same.

"This bill of sale was not recorded in the office of the recorder of deeds, nor had the plaintiff any notice of the transfer until some time after the execution of the deeds to him.

"If the court shall be of opinion that the plaintiff, upon the facts above stated, is the owner of the said party-wall under the Act of Assembly, passed the 10th day of April 1849, and not the said Dilks & Collins, then judgment to be entered in favour of the plaintiff for $206.39 and costs; but if the court be of a contrary opinion, then judgment to be entered in favour of the defendants, with leave to either party to take a writ of error to the judgment that may be entered."

The bill of sale, or receipt, referred to in the above case stated, is as follows :—

"Received, May 2d 1854, from Dilks & Collins, two hundred and four $\frac{38}{100}$ dollars, in full for party-wall, as measured by Josiah Evans, April 25th 1854; the wall situated on the east side of Franklin street, at the distance of three hundred and twenty-two feet five and one-quarter inches north from the north side of Poplar street.                                    SEBASTIAN ROOT."

The court below gave judgment for the plaintiff, on the case stated, which was here assigned for error.

*Thorn*, for plaintiffs in error.—The Act of 1849 has been decided not to be retroactive: Dannaker *v.* Riley, 2 *Harris* 435;

[Knight *et al. v.* Beenken.]

Bell *v.* Bronson, 5 *Harris* 364. This case presents for the first time the question as to its effect on subsequent conveyances. It is submitted that the act has no operation, where the owner of a building, before the sale of it, transfers, for a fair consideration, his right to reimbursement for the cost of the wall used by the next builder. That act has in no manner altered or changed the nature of the right of the first builder; it was a chose in action before the Act of 1849, and remains so still.

*Kreider*, for defendant in error.—The best rule by which to arrive at the meaning and intention of a law, is to abide by the words which the law maker has used: Olmsted's Case, *Brightly's R.* 9; 1 *Harris* 166. The Act of 1849 gives the ownership of the party-wall to "the owner of the house for the time being." One who purchases without notice of a previous transfer of the wall, is entitled to the compensation for its use: Bye *v.* Roberts, 14 *Leg. Int.* 212.

The opinion of the court was delivered by

WOODWARD, J.—That the first builder of a party-wall had but a right of action against the second builder—that it was a mere chose in action, and did not pass by the first builder's conveyance of his house and lot; and that a payment by the second builder to the grantee of the first, would not protect him, were conclusions of law ruled and settled in a variety of cases, which are referred to in 10 *Barr* 155 and 219.

But to alter and change the rule, and to make the first builder's interest in the party-wall pass by his conveyance, unless expressly excepted, the Act of 10th April 1849 was passed, and its terms are full and ample for the purpose. It provides "that in all conveyances of houses and buildings the right to and compensation for the party-wall built therewith, shall be taken to have passed to the purchaser, unless otherwise expressed;" and "the owner of the house for the time being shall have all the remedies in respect to such party-wall as he might have in relation to the house to which this attached."

This is making the interest to be in law what it always was in fact, an interest in the realty, and not a mere personal right. Root's conveyance was under this Act of Assembly, for it was made the 25th May 1854, and it passed to his vendee his interest in the party-wall. His previous bill of sale to Dilks & Collins of 2d May 1854, was of no consequence, for it was unrecorded; Beenken had no notice of it; and it was not in form a conveyance of any interest in the realty. Any other judgment than that which the court rendered would have been a flat nullification of the Act of Assembly.

The judgment is affirmed.