Shauck, J.
In support of the judgment beloAV, it is contended that the contract of April 3, 1871, was personal and bound only those AArho signed it to pay for one half of the party wall when it should be used by the owners of the lot last sold by them. As this promise Avas not embraced in the deed, nor executed under seal, it is not technically a covenant rnnning with the land. But as it was executed contemporaneously with the deed, and by the owners of both lots, its effect must be determined by other considerations. Platt v. Eggleston, 20 Ohio St. 414. Whether a covenant is personal or runs with the land, cannot always be determined by the language employed, although it may often be. The language here used shows an evident intention on the part of the covenantors to bind not only themselves, but also those who should succeed them in title, and to charge those who should use the party wall with the payment of one-half its cost. The real question is, whether the relations of the parties to the subject of the contract are such as to give effect to that intention. Upon this question the decided cases are neither clear nor consistent.
In Scott v. McMillen, 76 N. Y. 141, which related to a contract to contribute to the erection of a party-wall, íavo propositions are held: (1) That the right to exact payment does *123 not pass to the grantee of the promisee, and (2) That the obligation to pay for one-half of the Avail Avhen it may be used does not rest upon the grantee of the promisor. But the contract there considered Avas betAveen parties Avho already OAvned the adjoining lots, and the relation of vendor and purchaser did not exist. The suit Avas betAveen the respective grantees of the contracting parties, and the conclusions announced seem to rest upon the consideration that there was no privity of either contract or title. We must either distinguish the case for that reason, or regard its authority as -weakened by Platt v. Eggleston, which holds that payment in .such ease may be exacted by the grantee of the promisee. While the court was there called upon to determine by Avhom payment might be demanded, Ave are unable, in view of the language used in this covenant, to see'how it can be said to be personal only as to the performance of the duty, and yet run with the land as to the right to exact performance. It is in fact and in contemplation of the parties a covenant for the benefit of both parcels of land, and affecting in a substantial way the mode of their enjoyment by their respective owners, and the obligation to pay the appropriate consideration Avas by terms of the covenant placed upon those who should succeed to the promisor’s title and enjoy the reserved right of using the Avail. The defendant succeeded to that title, and exercised that right Avith knowledge of the terms upon which it was to be enjoyed. These considerations seem to overcome the technical objections made to the petition. Easter v. The Little Miami R. R. Co., 14 Ohio St. 48; Huston v. The C. & Z. R. R. Co., 21 do. 235; Burlock v. Peck, 2 Duer 90.
Equitable considerations require us to hold that the defendants are liable. In view of the contract made, and their knowledge of its terms, they should not be permitted to enjoy without compensation the wall erected by the plaintiff for their eommon benefit with the just expectation.that he would be reimbursed to the extent now claimed.
Geo. B. Okey, for plaintiff in error.
Col. J. T. Holmes, contra.
Wickersham v. Orr, 9 Iowa, 253, is direct authority for holding that the defendants are liable. However poorly that case may be supported by the authorities cited in the opinion, it is well sustained by the considerations upon which it proceeds.
The judgment will be reversed, and the demurrer overruled.