## The Fidelity Insurance, Trust and Safe Deposit Company, Trustees, under the will of John Matthew Hummel, deceased, v. Frederick J. Hafner, Appellant.

*Party walls—Liability of next builder—Act of 1721.*

Liability arises for use of a party wall under the Act of February 24, 1721, 2 Sm. L. 124, where ownership exists in the plaintiff and where the defendant, the next builder, supported the roof of his building on timbers, the ends of which rest in holes in said party walls.

Argued Oct. 11, 1897. Appeal, No. 77, Oct. T., 1897, by defendant, from judgment of C. P. No. 4, Phila. Co., March T., 1897, No. 515, for want of a sufficient affidavit of defense. Before RICE, P. J., WICKHAM, BEAVER, REEDER, ORLADY, SMITH and PORTER, JJ. Affirmed.

Assumpsit for use of party wall.

The facts sufficiently appear in the opinion of the court.

Judgment for plaintiff for $116.01. Defendant appealed.

*Error assigned* was, Entry of judgment for want of a sufficient affidavit of defense.

*Charles L. Smyth*, for appellant.—The plaintiff's statement does not allege a complete cause of action : Bank v. Ellis, 161 Pa. 241.

The defendant shows by the affidavit of defense that he is a mere lessee of the premises and is not an owner thereof in fee. The action should be brought against the owner and not against the tenant : Heiland v. Cooper, 38 W. N. C. 560.

*William M. Stewart, Jr.*, with him *John Marshall Gest*, for appellee.—The liability of the defendant is clear under the Act of February 24, 1721, Sm. L. 124.

The question as to the right to recover for such use of the party wall has been decided by the Supreme Court of Iowa under a similar act of assembly : Deere v. Weir-Shugert Co., 59 N. W. 255.

OPINION BY BEAVER, J., November 19, 1897 :

The judgment in this case was properly entered. The plaintiff's statement was sufficient. It distinctly averred the ownership of the premises upon which the party wall was built; that the defendant was the owner or lessee of the adjoining premises, and that he was the next builder, having erected and built a messuage upon the adjoining premises and making use of the plaintiff's party wall therefor. It avers that the " proper surveyor and regulator duly set the charge and value of the portion of the said party wall so used by the said defendant as aforesaid, of which the defendant had notice," and that defendant refused to pay.

Under the provisions of the Act of February 24, 1721, 1 Sm. L. 124, and of the Act of April 10, 1849, P. L. 600, the defendant was liable for the amount assessed by the surveyor or regulator as compensation for the use of the wall made by him. See Voight v. Wallace, 179 Pa. 520.

The affidavit of defense is not sufficient. The defendant himself alleges that he used the party wall; that the roof erected by him " is supported by light pieces of scantling, the timbers or ends of which rest in small holes about two inches in the said party wall, extending along the said party wall the length thereof." This is a clear admission of such a use of the wall as makes him liable. The act of 1721 provides that " the

first builder shall be reimbursed one moiety of the charge of such party wall or for so much thereof as the next builder shall have occasion to make use of before such next builder shall anyways use or break into the said wall." The defendant's entire structure at least upon the one side depended, upon his own admission, entirely upon the party wall. Having used it, he should pay the amount assessed by the officer duly constituted to assess the value of the use of said wall made by him.

The judgment is affirmed.