CHRISTOPHER F. PFROMMER, d. b. a., *vs.* GEORGE W. TAYLOR, for the use of ELIZA COBURN, p. b. r.

PARTY WALLS—"FIRST BUILDER"—EASEMENTS.

The words "first builder" as used in *Wilmington City Charter,* § 131, relating to party walls, and providing that the "first builder" shall be reimbursed one moiety before the next builder shall use or break into such wall, mean the owner of the first building at the time the adjoining owner desires to use the wall; the right of the first builder to compensation being an easement which passes with his conveyance of the land.

(*April* 1, 1913.)

Judges BOYCE and CONRAD sitting.
*Walter J. Willis* for respondent.
*William F. Kurtz* for appellant.
Superior Court, New Castle County, March Term, 1913.

APPEAL (No. 80, September Term, 1911) from a judgment rendered by a justice of the peace. General demurrer to special

pleas. (See on special demurrer to pleas, *ante*, also 85 *Atl.* 760). The case is stated in the opinion.

BOYCE, J., delivering the opinion of the court:

This is an appeal from a judgment rendered by a justice of the peace. The pro narr. of the plaintiff below, respondent, contains the common money counts, with a bill of particulars filed in the nature of the plaintiff's case and contentions stated, by which it is shown that the action was brought before the justice to recover the sum of $120.52, paid to the defendant below, appellant, August 1, 1910, by Florence Wells for the moiety of the charge of a party wall, then about to be used by her. The materials used in the construction of the wall were furnished, and it was built, by the plaintiff below, respondent, who, at the time, was owner in fee of a certain lot in the City of Wilmington, upon which, under the provisions of the charter and ordinances of said city, he erected the wall equally upon his said lot and the lot adjoining on the west; the latter, at the time, not being owned by, but subsequently became the property of the said Florence Wells. The plaintiff below, respondent, mortgaged his said lot with the dwelling thereon erected, which under foreclosure proceedings was subsequently sold by the sheriff, and by him duly conveyed to the purchaser, the defendant below, appellant. The said Florence Wells desiring to use said wall, but being required under said charter first to pay a moiety of the charge therefor, paid the same to the defendant below, appellant; she believing that he was the party entitled to receive the same. It is to recover the money so paid that this action was brought by the owner of the lot at the time the said party wall was built, against the present owner thereof.

The defendant below, appellant, has by amendment filed two special pleas. By the first plea, which is duplicitous, but to which no objection is made, is pleaded the charter and ordinances of the City of Wilmington of 1893, *page* 428, and particularly *section* 131 of said charter, together with a usage existing among all of the owners of real property in said city for upwards of fifty years next preceding the commencement of this action, interpret-

ing the meaning of said section. By the second plea is pleaded the deed mentioned in the bill of particulars from said sheriff to the defendant below, appellant.

The plaintiff below, respondent, has demurred generally to said pleas, which has the effect to admit all the matters well pleaded, but to deny their sufficiency to bar the plaintiff from a recovery.

The contention of counsel for George W. Taylor, the plaintiff, is that, as shown by the bill of particulars, Taylor was the "first builder" of the party wall, and, as such, is entitled under the charter to have and receive compensation for one moiety of the charge thereof, which was paid to and is now in the hands of the defendant, and that the plaintiff may maintain this action against the defendant for money had and received.

The said charter provision regulating the walls to be built between party and party subject to use as a party wall, provides that "the first builder shall be reimbursed one moiety of the charge of such party wall, or for so much thereof as the next builder shall have occasion to make use of before such next builder shall use or break into said wall." Counsel for plaintiff relies very largely upon the decisions of the Pennsylvania court construing an early like statute regulating party walls in the City of Philadelphia, under which statute it was held that the right to compensation for the use of the wall is personal to the builder, and that his grantee could not recover therefor. The cases cited are *Dannaker v. Riley*, 14 *Pa.* 435; *Gilbert v. Drew*, 10 *Barr* (10 *Pa.*) 219; *Todd v. Stokes*, 10 *Barr* (10 *Pa.*) 155, and *Bell v. Bronson*, 17 *Pa.* 363. He also collected a number of authorities dealing with the question of compensation for party walls built under agreements between adjoining owners, holding that such agreements are not covenants running with the land. He also gave consideration to the effect of an ordinance, as well as a usage or custom, when in conflict with or repugnant to the expressed provisions of a statute. From our view of the question before us it is unnecessary that we should review the authorities cited. Whether the right to compensation for a moiety of the charge of the party wall is a personal right or a right running with the land, the decisions are not in accord.

There is in the District of Columbia building regulations governing the right of adjoining owners as to party walls and compensation in language identical with the Pennsylvania statute, and almost in the exact words of our statute.

In *Halpine v. Barr*, 21 *D. C.* 331, it was held that where the right to use the party wall is exercised after a grant by the builder, the benefit accrues to the grantee and not to the original builder.

Under a party wall statute in Iowa, said to be copied from the *Civil Code of Louisiana*, providing that "if his neighbor be willing, and does contribute one-half of the expense of building such wall, then it is a wall in common between them, and if he even refuses to contribute to the building of such wall he shall yet retain the right of making it a wall in common by paying to the person who built it one-half of the appraised value of said wall at the time of using it," it is held, in *Thomson et al. v. Curtis et al.*, 28 *Iowa* 229, that the right to the half of the wall resting upon the adjoining lot is, under the statute, a right running with the land—a right which attaches to the ownership of the lot; a right, privilege, or easement existing in favor of the owner which passes with the ownership, so that the grantee of the owner or person who built the wall upon use thereafter by the adjoining owner is entitled to recover therefor. It was also held that the phrase "person who built it," contained in the statute, can only mean the *owner*, whether he became such by building the wall in person, or hiring it done by another, or by purchasing it with the lot after it is built.

In Louisiana it has been held that the grantee of the person who built is entitled to recover for the use of the wall. *Irwin v. Peterson*, 25 *La. Ann.* 300.

*Hunt v. Ambruster*, 17 *N. J. Eq.* 208, was a suit in equity to restrain an adjoining owner from using a party wall before paying one moiety of the value of such wall, under an ordinance providing that any person erecting a building within the City of Camden may construct the outer foundation walls thereof equally on his own land, and on the land of the adjoining proprietor, according to the directions of the city surveyor, and that the owner of the building first erected shall be reimbursed one moiety of the

value of such party wall, or so much thereof as the next builder or owner upon the adjoining lot shall have occasion to make use of, before such next builder or owner shall in any wise use or break into the same. The defendant constructed the party wall partly on his own lot and partly on the adjoining lot. He subsequently conveyed the house and lot to the complainant, who claimed compensation for the use of the wall upon the adjoining lot, which had been acquired by the defendant, who claimed that as he conveyed to the complainant one-half of the wall only, his right to the remaining half remained unimpaired, and that by virtue of said ordinance he was entitled to the remuneration provided for the use of the wall upon the adjoining lot; that his right was a personal right, which could not pass by his deed, and his grantee acquired no right to such remuneration by virtue of the grant. The principle adopted by the Pennsylvania courts was relied upon in support of his contention. The court held that by the said ordinance the right to be reimbursed for the value of the wall is given to the owner of the building first erected. The right inures not to the owner of the building at the time of its erection, but to the owner at the time the party wall was used for the purpose of building on the adjoining lot; that it is not a personal claim, but a right annexed to, and which passes with, the ownership of the building; that the right to the support of that part of the party wall standing on the adjoining lot, and to whatever other easements may exist as incident to the structure, passed by the deed as appurtenant to the land conveyed; that the right to compensation for the use of the wall also passed as an incident of ownership; that, upon the execution of the deed, all the defendant's interest in the wall, and his right to compensation were determined; that, when the defendant purchased the adjoining lot, he acquired the title, subject to the burden imposed by the ordinance, and that thereunder the right which the complainant claims inures to him as the owner of the wall at the time it is used.

For further discussion of the subject of party walls, reference is made to the admirable note to *Rugg v. Lemley* (*Ark.*) 8 *Ann. Cas.* 291.

We are clearly of the opinion that, by the weight of authority and reasonable interpretation, the building regulation established

Demurrer Overruled.

by the charter provision now under consideration, whenever a party wall is erected thereunder, creates an easement or appurtenant equally advantageous to the adjoining owner, and is such an easement in favor of the first builder as that it will pass with his conveyance of the land, and will carry with it the right to compensation for the wall to his grantee as an incident to the latter's ownership, if the adjoining owner shall subsequently desire to use the wall.

It seems to us, as it has been similarly held, to be a reasonable interpretation of the said charter provision, in view of the purpose and intendment thereof, to hold "first builder" to mean the owner of the first building, at the time the adjoining owner should desire to use the wall.

We are of the opinion that the plaintiff is not entitled to a recovery upon the facts shown, and admitted on the record, and we overrule the demurrer.