## CORBIN ET AL. *v.* SULLIVAN.

**VENDOR AND PURCHASER.**—*Unrecorded Deed.*—*Grantee's Right of Action: Against Fraudulent Purchaser with Notice, who Sells to Innocent Purchaser.*—A., being the owner of a tract of land, conveyed the same to B., who conveyed to C., who conveyed to D. None of the deeds except that of C. to D. were recorded. E. and F., knowing of said conveyances, procured a quitclaim deed for the same land from A., had their deed duly recorded, and subsequently sold the lands to an innocent purchaser, G., for a valuable consideration, the land all this time being wild and uninclosed. D. thereupon brought suit for damages against E. and F., who bought with knowledge of his title, and deprived him of it by selling to the innocent purchaser G.
*Held*, that D. was entitled to recover.

**REGISTRY.**— *To Whom it is Notice.*—The registry of a deed is notice only to those who claim through or under the grantor by whom the deed was executed.

**INSTRUCTIONS TO JURY.**—If no question as to instructions to the jury is raised on a motion for a new trial, such instructions will not be reviewed on appeal.

From the Marshall Circuit Court.

*H. Corbin, M. A. O. Packard, A. C. Capron, N. B. Taylor, F. Rand,* and *E. Taylor,* for appellants.

*W. H. Calkins, S. A. Huff,* and *C. H. Reeve,* for appellee.

WORDEN, J.—This was an action by the appellee against the appellants. The material facts alleged in the complaint are briefly as follows: In December, 1837, one John Darst entered a piece of land situate in Marshall county, and described in the complaint, and took the proper land-office certificate therefor. The entry was noted on the tract book of said county. On the 7th of August, 1840, Darst conveyed the land to Andrew Cottrell, and on the 30th day of December, 1841, Cottrell conveyed the land to Joseph Aston, and on the 19th day of August, 1842, Aston conveyed it to the plaintiff. The deed from Aston to the plaintiff was duly recorded on November 7th, 1844; that the defendants, at the time of the commission of the grievances hereinafter mentioned, had full notice that the plaintiff was the owner of the land, and had the legal title thereto; that the defendants, conspiring to cheat and defraud the plaintiff

out of his land, on the 18th day of May, 1869, procured a
quitclaim deed for the land from the said John Darst, which
was executed to said defendant Corbin, and which was duly
recorded on the 24th of May, 1869; on December 20th,
1869, Corbin conveyed the land to VanValkenburgh, and
this deed was recorded on February 4th, 1870; on January
11th, 1870, VanValkenburgh conveyed the land by war-
ranty deed to Susan Thomas, and this deed was duly
recorded on the 18th of February, 1870.

It is further alleged, that at the time of the conveyance
of the land by VanValkenburgh to Susan Thomas, the lat-
ter had no notice of the conveyance by Darst to Cottrell,
and by Cottrell to Aston, and by Aston to the plaintiff; but
that she purchased and took the conveyance in good faith,
and paid a valuable consideration therefor; that previous
thereto the land had been wild and unoccupied, but said
Susan took and retains possession under her deed; by means
whereof the plaintiff has lost his land, and he demands dam-
ages in the sum of three thousand dollars.

A demurrer to the complaint was filed for the want of suf-
ficient facts, but it was overruled, and exception taken.

On issue joined there was a trial by jury, which resulted
in a verdict and judgment for the plaintiff, a motion made
by the defendants for a new trial being overruled, and excep-
tion.

It is claimed by counsel for the appellants, that the com-
plaint is defective, in this, that it shows on its face that
Susan Thomas was not a purchaser in good faith without
notice, and therefore that the plaintiff should have proceeded
against her to recover the land, instead of suing the defend-
ants for the value of it. It is conceded that the complaint
alleges that she is such purchaser, but it is claimed that the
record of the deed from Aston to the plaintiff was construc-
tive notice to her, and therefore that the allegation of her
innocence is repugnant to the facts alleged.

We have seen that the plaintiff's deed from Aston was
recorded in 1844, while the intermediate deeds from Darst

down to Aston were not recorded at all.    Susan Thomas took her conveyance in 1870.    The question arises, whether the record of the conveyance from Aston to the plaintiff was notice to her of the plaintiff's title.    She found Darst to have been the original owner of the land, and a regular chain of title from him down to her grantor.    We think it quite clear, both on reason and authority, that the record was not notice to her.    She does not claim through or under Aston.    The law is very well settled that the registry of a deed is notice only to those who claim through or under the grantor by whom the deed was executed.    Had she searched the records for Aston's source of title, her search would have been fruitless.    The record failed to connect Aston with the original owner of the land, or to show that the original owner had ever parted with his title, save to Corbin, through whom she claimed.

We quote the following passage from the opinion of the court in the case of *Losey* v. *Simpson*, 3 Stockton, 246, as being entirely applicable to this case:    "When one link in the chain of title is wanting, there is no clue to guide the purchaser in his search to the next succeeding link by which the chain is continued.    The title upon the record is the purchaser's protection, and when he has traced the title down to an individual, out of whom the record does not carry it, the registry acts make that title the purchaser's protection.    The registry of a deed is notice only to those who claim through or under the grantor by whom the deed was executed."    To this proposition numerous authorities are cited.

The Supreme Court of Wisconsin, in the case of *Ely* v. *Wilcox*, 20 Wis. 523, 530, say, that "the authorities are uniform to the effect that the registry of a deed is notice only to those who claim through or under the grantor by whom the deed was executed."    See, also, the case of *Maul* v. *Rider*, 59 Penn. St. 167.

We are of opinion, therefore, that the objection urged to the complaint is not well taken.

The action was well brought against the defendants, they being charged with having taken a conveyance of the land from Darst, with notice of the plaintiff's title, and with having so conveyed it to an innocent purchaser as to place it beyond the plaintiff's reach.

The principal ground on which it is urged that a new trial should have been granted is, that Susan Thomas was not a purchaser in good faith, because of the notice afforded her by the record of the deed from Aston to the plaintiff. This, we have seen, was not even constructive notice to her, and there was no proof whatever of actual notice to her.

It may be observed that the verdict against the appellants seems to have been rendered, not upon the ground of actual fraud or of actual notice, but upon the ground that when they took the conveyance from Darst they had sufficient notice of the plaintiff's title to put them upon enquiry.

Objection is made to some of the instructions of the court, but as the motion for a new trial did not raise any question in this respect, we need not notice them.

We have thus considered all the grounds upon which a reversal is asked, and find no error in the record.

The judgment below is affirmed, with costs.

OSBORN, J., having been of counsel in the cause, was absent when it was considered.