## Joseph M. Marshall *vs.* Louis Robert.

### July 10, 1875.

**Injuria sine Damno—Fraudulent Conveyance to One having Notice.**—R., being owner of certain land, duly conveyed the same, for a valuable consideration, to M., on May 12, 1860. M., through inadvertence, omitted to have his deed recorded until after the recording of the deed hereinafter mentiones. August 2, 1865, R., well knowing the facts aforesaid, conveyed the same land to L., whose deed was duly recorded August 3, 1865. L., at the time he received the conveyance, had full knowledge of the facts above stated. On May 22, 1867, L., for a valuable consideration, conveyed said land to C., who was a purchaser in good faith, and whose deed was recorded May 29, 1867. *Held*, that, upon this state of facts, M. has no cause of action against R.

Appeal by plaintiff from an order of the district court for Ramsey county, *Wilkin*, J., presiding, sustaining a demurrer to the complaint.

*Lorenzo Allis*, for appellant.

*U. L. Lamprey*, for respondent.

BERRY, J.[1] The complaint alleges that on May 12, 1860, defendant, being owner of certain real estate, conveyed the same, for a valuable consideration, to plaintiff, by deed duly executed and acknowledged, and that plaintiff, by inadvertence, omitted to have said deed recorded until after the recording of the conveyances hereinafter mentioned; that on August 2, 1865, defendant, well knowing the facts aforesaid, and designing and intending to defraud plaintiff out of said real estate, and to deprive him of his title and estate therein, and to convert the value thereof to his own use and benefit, did wrongfully convey the same to U. L. Lamprey, by his deed duly executed and acknowledged, and which was duly recorded August 3, 1865; that said Lamprey, at the time he received the conveyance, had full knowledge of the facts hereinbefore stated; that on May 22, 1867, said Lamprey, for a valuable consideration, conveyed said real estate to W. J. Cutler, by deed duly executed and acknowledged, and which was duly recorded May 29, 1867; that Cutler was a purchaser in good faith; that plaintiff had no notice, knowledge, or information, of the conveyance to Lamprey until about 1869—long after the conveyance to Cutler; and that, by reason of the aforesaid wrongful acts of defendant, plaintiff has sustained damage to the value of the real estate, to wit, in the sum of $20,000.00.

Lamprey, not being a *bona fide* purchaser for value, acquired no title to the property, as against the plaintiff, by the deed from the defendant; and, as the execution and acknowledgment of the deed to Lamprey are the only acts with which defendant is charged, the complaint clearly fails to state a cause of action. The general demurrer interposed to the complaint was, therefore, properly sustained, and the order sustaining the same is accordingly affirmed.

---

[1] Gilfillan, C. J., having been of counsel, did not sit in this case.