RING, Administrator, vs. OGDEN.

PLEADING: TORT: COUNTERCLAIM. *(1) Tort or contract. (2) Counterclaim on contract in action for tort. (3, 4) Action of tort for breach of duty growing out of contract.*

1. A complaint that defendant, after having conveyed certain premises (to which he had title), by unrecorded deed by which plaintiff's intestate would have taken title, knowingly, fraudulently and wrongfully conveyed the same premises to another by a subsequent deed, which was recorded and under which a *bona fide* purchaser without notice took, and so defeated the intestate's title, states a cause of action *in tort.*

2. Defendant in tort cannot plead a counterclaim *ex contractu* not arising out of the same transaction declared upon in the complaint.

3. Where a tort arises out of a transaction *ex contractu*, plaintiff's only remedy is *ex contractu*, unless *actual fraud* be shown.

4. A second conveyance of the same land is a *tort*, only when made *with intent* to defeat the title under a prior valid conveyance executed by the same person; and a finding that defendant, when he made the second conveyance, had forgotten the prior one, and did not intend to sell the land twice, will not sustain a judgment against him in tort.

[LYON and ORTON, JJ., dissent from the two last propositions, holding that in general the act of making a second conveyance in such a case, without actual fraudulent purpose, is tortious in law; but that in this case, the act of plaintiff's intestate in referring the second grantee, when the latter desired to purchase the land, to the defendant, and in effect advising him to purchase from defendant, purged the second conveyance of all tortious character as against such intestate.]

APPEAL from the County Court of *Milwaukee* County.

Action for damages alleged to have been sustained by plaintiff by reason of defendant's wrongful and fraudulent act in conveying land by subsequent recorded deed to a *bona fide* purchaser, after he had conveyed the same land to plaintiff's testa-

tor (who was the original plaintiff), by deed, never recorded, under which such testator would have acquired title. The answer, after certain admissions, and certain denials in defense, set up a counterclaim for moneys alleged to have been paid to plaintiff as defendant's agent for the collection of rents, and never paid over by plaintiff.

A demurrer to the counterclaim was sustained.

The court found the facts as to the first and second sale and conveyance, etc., substantially as alleged in the complaint, and that plaintiff's intestate had been damaged in a certain sum; but found also that defendant, when he made the second conveyance, had forgotten the first, and "did not intend to sell said land twice." On this finding it rendered judgment against defendant for the amount of the damage found, less a certain payment made by defendant on that account.

Defendant appealed from the judgment.

For the appellant, a brief was filed signed by *Thomas L. Ogden* in person, and by *Dixon & Noyes* as his attorneys; and the cause was argued orally by *Mr. Noyes*.

For the respondent, there was a brief by *Johnson, Rietbrock & Halsey*, and oral argument by *Mr. Johnson*.

RYAN, C. J. The complaint is in tort; stating what would have been called, before the code, a special action on the case for fraud. It avers that the defendant, after having conveyed certain premises to which he had title, by his unrecorded deed under which the plaintiff's intestate would have taken title, knowingly, fraudulently and wrongfully conveyed the same premises to another by a subsequent deed which was recorded, under which a *bona fide* purchaser without notice took, and so defeated the intestate's title. The whole court is agreed that the facts averred constitute an action in tort.

The demurrer to the defendant's counterclaim *ex contractu*, not arising out of the same transaction, was therefore properly sustained. This is held by the whole court, and was, indeed, not denied at the bar.

The tort charged arose out of a transaction *ex contractu*, not

often the case. And a majority of the court hold that the only remedy of the plaintiff is *ex contractu (Curtis v. Deering*, 12 Me., 499; *Lukens v. Nicholson*, 4 Phila. R., 22), unless the actual fraud averred be sustained. The mere act of making the second conveyance is not *per se* tortious. The tort pleaded rests on the defendant's *scienter*, raising a presumption of intent to defraud, and making the second conveyance a fraud upon the defendant's previous grantee.

A second conveyance of the same land, with intent to defeat the title under a prior valid conveyance executed by the same person, is undoubtedly a wrong; but, without the intent, it may be innocent or justifiable. There are cases in which a second conveyance to a different person would be a right, or even a duty. Therefore, the mere act of the second conveyance is not essentially unlawful. And the tortious character of the act must depend upon the guilty knowledge of the prior conveyance, implying a fraudulent purpose.

In such a transaction as that stated in the complaint, the execution of the second deed is the *gravamen* of an action *ex contractu;* but the fraudulent intent is the *gravamen* of an action *ex delicto.*

No case was cited at the bar, and none has been found, of an action of tort by a first grantee against his grantor for defeating the grantee's title by a second conveyance. But there are many cases, bearing more or less on the principle on which this case is ruled, which strengthen the view of a majority of the court, that the question of tort in such case is a question of actual intent to defraud. *Haycraft v. Creasy,* 2 East, 91; *King v. Phillips*, 6 id., 464; *Wardell v. Fosdick*, 13 Johns., 325; *Monell v. Colden*, id., 395; *Benton v. Pratt*, 2 Wend., 385; *Culver v. Avery*, 7 id., 380; *Ward v. Wiman*, 17 id., 193; *Gallager v. Brunel*, 6 Cowen, 346.

The court below found as a fact that the defendant had forgotten his conveyance under which the intestate claimed, and did not intend to sell the land twice. It was stated at the bar that this finding proceeded upon a stipulation of counsel in the court below, equally honorable to both parties.

It is therefore held by a majority of the court, that this finding negatives the fraudulent *scienter*, and makes the act of the defendant an innocent mistake; that it is an acquittal of the defendant of the tort; and that the judgment of the court below should have been for the defendant on the finding. And on this ground COLE and TAYLOR, JJ., and the chief justice, hold that the judgment should be reversed.

The learned judge of the court below, however, found as a conclusion of law that the defendant is chargeable in law with knowledge of his first conveyance; that is, as it is here understood, that the mere act of the second conveyance, without the *scienter* or the fraudulent purpose, is essentially tortious in law. And this is the view taken by LYON and ORTON, JJ., of the nature of such a second conveyance in general. But they hold that, in this case, the act of the intestate in referring the defendant's second grantee, when the latter desired to purchase the land, to the defendant, and in effect advising him to purchase from the defendant, had somewhat the effect of concurrence in the second conveyance, may have tended to mislead the defendant, and purged his act of all tortious character against the intestate. *Volenti non fit injuria.*

The whole court, therefore, hold that the judgment must be reversed, and the cause remanded to the court below with directions to dismiss the complaint.

*By the Court.* — So ordered.