LOUISA M. HILLIGAS, APPELLEE, V. DAVID C. KUNS, APPELLANT.

FILED FEBRUARY 10, 1910. No. 15,902.

1. **Vendor and Purchaser: BONA FIDE PURCHASER: ACTION FOR DAMAGES.** K., being the owner of a tract of unimproved and unoccupied land, sold and conveyed it to J., who sold and conveyed it to H., but neither deed was recorded. Subsequently K., for a substantial consideration and with knowledge that the purchaser desired to destroy the title K. had theretofore conveyed, sold and conveyed the land to R., who sold and conveyed it to D. These deeds were duly recorded. *Held,* That if either R. or D. was a *bona fide* purchaser of said real estate, H. could maintain an action for damages against K., and could recover the value of her interest in said land at the time her title thereto was destroyed.

2. ———: ACTION FOR DAMAGES. On the trial of the case defendant offered to prove that subsequent to said transactions D. paid H. $25 for a deed for said land, *Held,* That defendant was entitled

to make said proof in mitigation of plaintiff's damages, but that under the circumstances of this case the fact did not disable her from prosecuting her suit.

3. Errors without prejudice to a litigant will not work a reversal of a judgment otherwise supported by the evidence and the law.

APPEAL from the district court for York county: HARVEY D. TRAVIS, JUDGE. *Affirmed on condition.*

*France & France, L. O. Pfeiffer* and *Morning & Ledwith,* for appellant.

*Power & Meeker* and *William E. Shuman, contra.*

ROOT, J.

This is an action for damages. Plaintiff prevailed, and defendant appeals.

The facts underlying this case are that in 1899, defendant owned a half section of unimproved, unoccupied land in Deuel county of but little value. In that year he sold and conveyed the land by warranty deed to a Mr. Jones, and Jones sold and conveyed it to plaintiff, who resided in Lincoln county. The deeds were not recorded, and the land remained unoccupied, except as strangers to the title pastured cattle thereon. In 1906 the treasurer of Deuel county, Mr. Roudebush, noticed that taxes levied upon the land for many preceding years were unpaid, and, after ascertaining the name of the record owner and his residence, wrote to defendant. Subsequently Roudebush conferred with Kuns, purchased the land in September of 1906 for $600 subject to the taxes, and received a quitclaim deed from Kuns, which Roudebush at once recorded. Subsequently Roudebush sold the land and conveyed it by special warranty deed to Mr. Delatour for $900 subject to said taxes. Plaintiff alleges that Roudebush and Delatour were *bona fide* purchasers without notice or knowledge of her title, and that they bought the real estate relying upon the records of Deuel county, all of which defendant well knew; that by reason of the premises she has been deprived of her title to her damage, etc. De-

fendant admits in his answer that he owned the land in 1899 and conveyed it to Jones; that Jones conveyed it to plaintiff, and thereafter defendant executed and delivered to Roudebush a quitclaim deed therefor. As a separate defense, he alleges that about April 2, 1907, plaintiff sold and conveyed the land by warranty deed and parted with her interest therein, and is estopped from asserting that she was not the owner thereof subsequent to the date of the deed from defendant to Roudebush. A demurrer to the second defense was sustained.

1. Defendant's counsel argue that plaintiff's alleged cause of action is alien to the law and will not support a judgment in her favor. We do not agree with them. Defendant is charged with knowledge that a subsequent deed first recorded takes precedence over an elder deed subsequently recorded, provided the later grantee is a *bona fide* purchaser within the meaning of the law. He is also conclusively presumed to know that any grantee of the subsequent grantee, if a *bona fide* purchaser, will prevail over the holder of a title based upon an earlier unrecorded deed. Kuns received a substantial consideration for his second conveyance, and testifies that he was told by Roudebush that Roudebush held a tax title which he expected to perfect by defendant's conveyance. Kuns knew that he was placing an instrument in Roudebush's hands which might be used directly or indirectly as a means to destroy the title Kuns had theretofore conveyed. This is not a case where a deed has been innocently made for a nominal consideration for the benefit or supposed benefit of those holding under the grantor by a former conveyance, nor an instance where the grantor had not theretofore conveyed, or, having conveyed, had or believed he had the right to rescind.

The legislature has taken notice of the possibilities existing under just such a state of facts as this record presents, and has enacted by section 127 of the criminal code: "If any person or persons shall knowingly sell or convey any tract of land without having title to the same, either

in law or equity, by descent, devise, or evidence, by a writ-
ten contract or deed of conveyance, with intent to defraud
the purchaser, or other person, every person so offending
shall be imprisoned in the penitentiary not more than
seven years nor less than one year." In our opinion a
common law writ can be framed to support a cause of
action in plaintiff's favor, and certainly the code is not
inferior to the earlier procedure in suggesting forms and
methods to be employed in meting out justice between
men. At common law the suit would be an action on the
case. This action is said to be in the nature of a bill in
equity and founded upon the mere justice and conscience
of plaintiff's right to recover. It is a remedy for an injury
to the absolute rights of persons not committed with force,
actual or implied. *Adams v. Paige*, 24 Mass. 542; *Dore-
mus v. Hennessy*, 62 Ill. App. 391; 6 Cyc. 684; 2 Moore,
Civil Treatise (4th ed.) sec. 560 *et seq.* The facts in the
cited cases are not identical with those in the instant one,
but the principles apply. If the pleaded acts were wrong-
ful, the mere fact that no such other case can be found
in the books will not deprive a court of jurisdiction.
*Hunt v. Dowman*, 3 Cro. (James, Eng.) 478; *Winsmore
v. Greenbank*, Willes (Eng.) 577. We are, however, not
entirely wanting in precedent. *Corbin v. Sullivan*, 47 Ind.
356. In that case the common grantor was not made a
party, but second grantees, who took a deed with knowl-
edge that their immediate-grantor had parted with his
title before conveying to them, were held responsible for
their sale to a *bona fide* purchaser, whereby the title evi-
denced by the first and unrecorded deed was destroyed.

Counsel for defendant cite *Ring v. Ogden*, 45 Wis. 303,
and assert that it sustains their argument that the court
erred in instructing the jury that, if either Roudebush or
Delatour was an innocent purchaser, plaintiff ought to
recover, and that the intent with which defendant exe-
cuted the deed to Roudebush is immaterial. The Wiscon-
sin court hold the mere giving of a second conveyance is
not necessarily wrongful, and therefore, to maintain an

action like the instant one, a plaintiff must plead and prove an intent on the part of the defendant to defraud. It may be that cases will arise wherein the intent with which a second conveyance is made will be material, but the defendant herein is in no position to urge that plaintiff's petition is defective in that particular. The facts are all stated, and would not be strengthened by charging bad faith, because no other deduction can be reasonably drawn therefrom. Defendant knew, or ought to have known, that the deed he was making, confessedly to a person claiming or seeking a title hostile to the title Kuns had theretofore conveyed, was sought and would be used for the purpose of destroying the earlier title. Years since we discarded the theory that in actions for deceit the intent with which representations are made is a controlling factor, but have said that a party will be held to the reasonable consequences of his acts. *Johnson v. Gulick*, 46 Neb. 817.

*Marshall v. Robert*, 22 Minn. 49, is also cited by defendant. The Minnesota court, upon the first appeal of that case in 18 Minn. 405, held that a grantee in a quitclaim deed takes only such title as his grantor actually possessed. Upon the second appeal the defendant was held not liable for any damage flowing from the deed executed by his grantee. In *Schott v. Dosh*, 49 Neb. 187, in an exhaustive opinion prepared by Mr. Commissioner IRVINE, the preceding decisions of this court touching the status of a purchaser of real estate whose title is evidenced by a quitclaim deed are reviewed, and we held the mere fact that a conveyance is a quitclaim will not deprive the grantee therein of the benefits of the recording act, nor of the principle of law protecting *bona fide* purchasers. See, also, *Bannard v. Duncan*, 79 Neb. 189. We are not satisfied with the reasoning of the learned judge who wrote the opinion in *Marshall v. Robert, supra,* nor will we adopt the suggestions of learned counsel for defendant upon this phase of the case. A tortfeasor is answerable for all the consequences that in the natural

course of events flow from his unlawful acts, although those results are brought about by the intervening agency of others, provided the intervening agents were set in motion by the primary wrongdoer, or were the natural consequences of his original act. *Philpot v. Taylor,* 75 Ill. 309.

Conceding that Roudebush was told by defendant that he had theretofore conveyed the land and that Roudebush was not and could not for that reason be an innocent pur-. chaser, still Kuns knew that by executing the quitclaim deed he might place Roudebush in position to record the deed, convey the land to an innocent purchaser, and thereby destroy the earlier title. It is tasking human credulity to assert that Kuns did not expect or ought not to have anticipated the precise course of action pursued by his grantee, and we think that, under the facts in this case, defendant must be held if either Roudebush or Delatour was a *bona fide* purchaser of the land.

2. The instructions are criticised because the trial court did not inform the jury that an essential element of a *bona fide* purchase is that the consideration therefor was actually paid. If there was any contradiction in the evidence upon this point, we might consider the assignment, but there is none. Defendant testifies that he was paid $600 for his deed, and the testimony of Roudebush and Delatour that the consideration for the subsequent conveyance was paid is not denied. The error therefore is without prejudice to defendant.

3. Defendant insists he should have been permitted to prove that before the commencement of this action, and subsequent to the execution of the deed to Roudebush, plaintiff sold and conveyed the land. The facts, according to the offer to prove, are that after Delatour purchased from Roudebush he was told that Mrs. Hilligas had an unrecorded deed for the land, and to prevent a possible cloud upon his title he paid her $25 for a conveyance, which, at his direction, she made for his benefit to a business associate and personal friend. We do not

think she thereby disabled herself from maintaining this action. Her right of action, if any, sounds in tort, and would not pass by her subsequent deed for the land, nor can we understand upon what ground an estoppel by deed can thereby be predicated against her. While the facts did not constitute a complete defense to the action, they, in our judgment, should have been received in mitigation of damages. Even though she could not successfully assert her title against Delatour, it sufficed to yield her $25. If Delatour had paid her the value of her land, she would not have been damnified by the conduct of defendant. The error will not, however, work a reversal of the case if plaintiff will remit that sum with interest from the 2d day of April, 1907.

To the argument that plaintiff cannot recover more than Jones paid Kuns for the land, it may be repeated that this action sounds in tort, and plaintiff, if entitled to recover, should receive compensation for the injury inflicted by defendant's wrongful act. The measure of her recovery therefore is the value of the land at the time she lost title thereto, less the taxes thereon and whatever she received from Delatour.

All of the numerous assignments of error have been examined, but none other than those heretofore noticed are thought of sufficient importance to warrant a detailed discussion, nor do they in combination justify a reversal of the judgment of the district court.

The judgment of the district court is therefore affirmed, upon condition that plaintiff shall within 30 days of the filing of this opinion remit from her judgment the sum of $25, with 7 per cent. interest thereon from April 2, 1907. If she fails to make said remittitur, the judgment of the district court will be reversed and the cause remanded for further proceedings.

JUDGMENT ACCORDINGLY.