## TAYLOR v. OWEN and Others.

*A.*, being the owner in fee of a town, leased one of the houses to *B.* for a term of years, and covenanted in the lease, that *B.* should have the exclusive privilege of vending merchandise in the town during the term. Soon after the commencement of that term, *A.* leased another house in the town to *C.* for a term of years, without any restriction as to the vending of merchandise there; *C.* under-let a part of this house to *D.* without restriction; and *D.* commenced the sale of merchandise on the premises so leased to him. *D.*, before the date of his lease, had notice of *A.'s* covenant with *B.*, and *C.* had notice of the same before *D.'s* sale had commenced. *Held*, that *D.* was not, under these circumstances, prohibited from vending merchandise in the part of the house which had been leased to him by *C.*

The right of the owner of real estate to carry on trade there to the exclusion of all others, cannot be made the subject of a separate conveyance, so as to prevent a subsequent holder of the property, without his own agreement, from pursuing his lawful business there.

Such covenants as that above-mentioned, of *A.* with *B.*, are merely of a personal nature. They neither run with the land of the covenantor, nor create any lien there either legal or equitable.

A *bona fide* vendee or lessee of real estate, is not affected by such a personal covenant; and the circumstance of his having had notice of it makes no difference.

The under lessee of real estate has a right to pursue thereon any lawful business he chooses, which is not prohibited by the lease to his lessor nor by that to himself, and which is not injurious to the premises.

*A.*, by his unrestricted lease to *C.* above-mentioned, broke his covenant with *B.*; and he is liable for the breach to *B.*, if the covenant be valid, in an action at law.

HARVARD LAW SCHOOL LIBRARY

ERROR to the *Gibson* Circuit Court.

BLACKFORD, J.—This was a suit in chancery. The complainant, *Taylor*, was a merchant in *New-Harmony*, and claimed the exclusive right to vend merchandise in that town for ten years. He complains in his bill, that he had been interrupted in the enjoyment of this exclusive privilege by the defendants, *Owen*, *Rogers*, and *Moffatt*; and prays an injunction. The defendants, in their answers, deny the existence of the right claimed by the complainant. The facts in the case, necessary to be noticed, are as follows:—

*Owen*, one of the defendants, being the owner in fee-simple

TAYLOR
v.
OWEN.

of the town of *New-Harmony*, and having a mercantile establish-ment there, sold the whole of his merchandise to the com-plainant, leased him the buildings in which the business had. been carried on, and agreed in the lease that he should have the exclusive right of keeping a store in the town for ten years. The complainant agreed, on his part, to pay for the merchan-dise within a certain time; and also to pay a certain sum for the privilege contracted for, and as a rent for the buildings. After the complainant had taken possession, and had been trad-ing there free from competition for several months, *Owen* leased another house and lot in the town for three years to *Rogers*, one of the other defendants, without any restriction as to trade, except that he should not sell spirituous liquors.  *Rogers* after-wards under-let a part of this house to *Moffatt*, the other defen-dant, free from any restriction; and. *Moffatt* commenced the vending of merchandise there.  Previously to the date of his lease, *Moffatt* had notice of the contract between *Owen* and the complainant; and *Rogers* had notice of it also, before *Moffatt* offered his goods for sale.  In the course of the proceedings, some depositions were suppressed upon proof of the deponents being interested: and a motion for a continuance and to take further depositions was overruled; the Court not being inform-ed what was intended to be proved.

The Circuit Court dismissed the bill.

The object of this bill is to obtain a perpetual injunction. against *Moffatt*, restraining him from the further vending of merchandise in *New-Harmony*.  The claim to this injunction, is founded on the covenant of *Owen*, that the complainant should have, for ten years, the exclusive right to keep a store in that town.  The objection made by *Moffatt* to the granting of this injunction against him is,—that he has the lawful and. unrestricted possession, for a term of years, of the house and lot where he is engaged in trade; and that he has entered into no contract with any person not to vend merchandise there. This objection is supported by the facts in the case; and it is, in our opinion, sufficient to prevent the injunction prayed for.

The idea of the complainant, that the covenant in question was a conveyance to him, of the exclusive right of vending merchandise in *New-Harmony*, cannot be sustained.  Such a right of the proprietor of real estate to carry on trade upon his

premises, cannot be made the subject of a separate conveyance, so as to prevent the subsequent holder of the property, without his own agreement, from pursuing his lawful business there. This covenant between *Owen* and *Taylor* is entirely of a personal nature. It neither runs with the land of the covenantor; nor does it create any lien thereon, either legal or equitable. Had the fee-simple of the premises occupied by *Moffatt*, been sold and conveyed to him by *Owen*, it appears to us very clear, that the purchaser's title could not have been affected, nor his rights arising from ownership diminished, by the collateral agreement alluded to. A lessee, for years stands in the same situation, in this respect, as a vendee; and if the covenant before us, would not interfere with the estate of the one, it will not with that of the other. We put out of view the question of notice in this case. We consider the mere circumstance of a lessee's having notice of a covenant like the present, to be of no more consequence to his interest in the premises, than his knowledge of the lessor's having contracted a debt would be. A *bona fide* vendee or lessee of real property, for a valuable consideration, has nothing to do with these personal contracts.

Whilst *Owen* had the rightful possession of the whole town, he had of course the right to a monopoly of the business. This monopoly he had it in his power to permit the complainant to enjoy, by not selling any of the property to any other person, nor leasing any of it without inserting in the leases the necessary restrictions. In the case before us, however, *Owen* has thought proper to lease one of his houses and lots in the town to *Rogers* for three years, without restricting him as to the vending of merchandise; and *Rogers* has under-let a part of the premises to *Moffatt* without any restriction. The consequence is, that *Moffatt* has the rightful possession of the part of the house he occupies; and, from the nature of the estate, he has the right to carry on there any lawful business he chooses, which is not prohibited by the original lease and which is not injurious to the premises. *Owen* himself, who is the owner of the reversion, cannot restrain him from the vending of merchandise there; much less can *Taylor*, the complainant, who has no pretence to any interest whatever in the property. If the covenant between *Owen* and *Taylor*, respecting the exclusive right referred to, be valid,—as to which we give no opinion,—*Taylor's* reme-

dy is by a suit at law against *Owen* for a breach of contract.

The objection made to these proceedings on the ground of a suppression of depositions, and of a refusal to continue the cause in order to take other depositions, cannot be supported. The witnesses whose depositions were suppressed were directly interested; and, on the motion for a continuance, it is not shown that the depositions intended to be taken would be material in the cause.

*Per Curiam.*—The decree is affirmed with costs.

*Hall, Dewey, Law,* and *Judah,* for the plaintiff.

*Howk,* for the defendants.