DUREL, Administrator, *v.* BOISBLANC et al.

1 407
51 1004

Continuous servitudes only can be considered as established by the disposition which an owner has made of one part of his property in favor of another. C. C. 763.

The administrator of a succession sold at auction two lots, with the buildings thereon, described as having each thirty feet front, and as adjoining each other. One of the lots, the building on which covered the whole front, was further described as sold, "with the brick house upon it, and other dependencies." The other lot, the building on which covered but a portion of the front, leaving a passage way, was described as sold "with the house and kitchen thereon." Windows in the first house opened on this passage, and there was no access to its yard, but through the house itself, or this passage. Both houses were dwellings. No mention was made of any servitude, either in the advertisement of sale, or by the auctioneer. The tenements were purchased by different persons. *Held,* that the servitude of lights and way being apparent, and necessary for the occupation and use of one of the dwellings, the purchaser of the lot on which they are established, must have known of their existence, and is bound to take the lot subject thereto. *Aliter.* were the purchaser ignorant of the servitudes, and they such as to render it probable that the purchaser would not have bought the property, had he known of their existence.

APPEAL from the Parish Court of New Orleans, *Maurian,* J. *Benjamin* and *Micou* for the plaintiff, cited Civ. Code, arts. 2010, 2535. *Castera,* for *Boisblanc,* cited 4 La. 312.

*Musson,* for the appellant. The purchaser of immovable property on which a servitude is claimed by a third party, may suspend payment of the price until the seller has restored him to quiet possession. Civil Code, arts. 2535, 2477, 2487, 2041. Code Nap. arts. 1653, 1626, 1636, 1184. Auctioneers. at judicial sales, are bound to disclose the servitudes existing on the immovables they offer for sale. Civil Code, arts. 2496, 2499, 2523, 2602, 762, 763, 764. Code Nap. arts. 1641, 1645, 691, 692, 693. 8 Mart. 704. 9 La. 129. 15 La. 202. 17 La. 97. Apparent, interrupted servitudes cannot be established by *destination du père de famille.* Civil Code, arts. 643, 644, 645, 762, 763, 764, 765. Code Nap. arts. 637, 691, 692, 693, 694. See the commentaries of Lahaye and Teulet on all the articles cited from the Code Nap. and the authorities cited by them. Journal du Palais 1840, vol. 1, p. 743. Ib. 11 June, 1831. 8 Locré, p. 395. Favard de Langlade, *Servitude,* lib. 3, § 4, no. 3. 3 Toullier, 457, &c. 1 Delvincourt 324, 376, 417. 2 Maleville. 144.

The judgment of the court was pronounced by

EUSTIS, C. J. The only questions in this case are of fact, as to the establishment of certain servitudes between two tenements, which, at the sale of the effects of a succession by an administrator, were purchased by different persons. There was no designation of the servitudes in the advertisements which preceded the sale, nor was any declaration made of their existence by the auctioneer. The lots were described as having each thirty feet front French measure on Toulouse street, and as adjoining each other. The lot having a house on it, which covered the whole front of thirty feet, was purchased by one of the defendants, *Boisblanc,* and was described in the advertisement as offered for sale "with the brick house upon it and other dependences." On the lot purchased by the defendant *Rivereau,* the house, constructed of brick between posts, covered twenty-six feet three inches of the front, leaving a passage of three feet nine inches between the two houses. It was described as sold with the house and kitchen built thereon. There were windows in the *Boisblanc* house

DUREL
v.
BOISBLANC.

opening on the passage, and there are no means of access to the yard of *Boisblanc*, except through the house or this passage. The house is a dwelling house, and evidently intended and used for the ordinary purposes of a family. Both houses are of one story. The only servitudes which can, under any circumstances, be held to be established in relation to these two estates, are those of way and of lights. Those attempted to be set up as to the well and privy, want the essential requisites of servitudes, and have not that permanence and *caractère de perpetuité*, which the law requires for their establishment. Civil Code, art. 763. 3 Toullier 615.

The servitudes of way and of lights are appparent, and necessary for the occupation, and use as a dwelling house, of the property purchased by *Boisblanc*, and as such are of a permanent character, and can in no sense be said to have been concealed from *Rivereau*, the purchaser of the contiguous estate. The passage of three feet nine inches being thus charged with the servitudes of way and of lights, it is contended by the counsel of *Rivereau* that he is not bound to take his purchase; but we think the law obliges him to complete it. If the servitudes were of such a nature as would render it probable that he would not have purchased the estate had he known of their existence, and could we believe that he was ignorant of them, a very different case would have been presented. But these servitudes are visible and palpable, and, on examining the property, he must have seen them, and we have no reason to believe that he has been misled or deceived in relation to their existence. Merlin, Rep. *verbo* Garantie, § 8.

The judgment of the Parish Court is therefore reversed. and the defendants *Boisblanc* and *Rivereau* are hereby ordered forthwith to comply with the conditions of the adjudication; and it is hereby decreed that the servitudes of lights and of way, as described in the plan on file, be held to be established in favor of the property purchased by *Boisblanc*, and adversely to that purchased by the defendant *Rivereau*; that the passage between the two tenements be extended three feet nine inches French measure beyond the rear line of the dwelling house of *Boisblanc*, so as to give an entrance in the rear to the proprietor, and that from thence the said *Rivereau* have the full measure of his lot, to wit, thirty feet French measure free from any servitude; and, inasmuch as the terms of payment stipulated in the adjudication have expired, it is further decreed that the judgment be entered in favor of the plaintiff, against the defendant *Boisblanc*, for the sum of $2,850, with interest, to wit, on one-fourth of said sum from the 6th of December, 1844, at five per cent, and on the remaining instalments of one-fourth each, from their maturity at six, twelve, and eighteen months from said date, at eight per cent; and that judgment be entered in favor of the plaintiff against *Rivereau*, for the sum of $3,175, without interest, he not being in default, and not having taken possession; and that the plaintiff and the defendant *Boisblanc* each, pay one half the costs of the court below, and of this appeal.