BLOCH *v.* ISHAM and Another.,

PARTY-WALL.—A and B being the owners of adjoining premises, agreed that A might build a party wall, and that when B used the wall he should pay to A one-half the cost thereof.

*Held,* that the covenant was a personal one, and did not pass with the land to the grantee of A.

APPEAL from the *Porter* Circuit Court.

GREGORY J.—The case made by the complaint is this: *Schenck* and *Isham,* being the owners of adjoining lots in *Valparaiso,* entered into a written agreement, whereby *Schenck* acquired the right to build one of the walls of a brick store, then in process of erection on his own lot, with one-half of its thickness resting on the lot of *Isham*; and *Isham* acquired

for himself, his heirs or assigns, the right to use said wall by joining a building thereon, and agreed for himself and them to pay one-half of the original cost of said wall, when he or they should use the same. *Schenck* completed the brick store on his lot, with one-half of the width of one of its walls standing on *Isham's* lot. Afterwards, *Schenck* conveyed his lot and store to *Bloch* and others, and *Bloch*, subsequently, became the sole owner of the lot and its appurtenances; and while he was such owner, *Isham* built a brick building on his own lot, and used the wall in question. A demurrer was sustained to the complaint.

The only question raised below and here is, whether *Bloch* has a right to recover of *Isham* the price to be paid by him for the use of the wall, or whether the right of action is in *Schenck*. The case turns upon the solution of the question as to whether *Isham's* agreement to pay for one-half of the party wall is a covenant running with the land.

There is some conflict in the authorities on this point. In *Burlock* v. *Peck*, 2 Duer 90, the superior court of *New York* held that such a covenant passed to the grantee of the premises on which the building of the covenantee was erected. It is otherwise held in *Pennsylvania. Ingles* v. *Bringhurst*, 1 Dallas 341; *Todd* v. *Stokes*, 10 Barr 155; *Gilbert* v. *Drew, id.* 219; *Hart et al.* v. *Kucher*, 5 Serg. & Rawle 1.

It is claimed that the cases in *Pennsylvania* turn on a statute. That statute simply provides that "the first builder shall be reimbursed for one moiety of the charge of the party wall, or for so much as the next builder shall use, before he breaks into the wall." There is nothing in this statute which is not embraced in the agreement of the parties in this case.

*Brown* v. *Pentz*, 1 N. Y. Legal Ob. 24, was never officially reported, and we do not recognize it as authority.

But we think that the ruling of the Supreme Court of *Massachusetts*, in *Weld* v. *Nichols*, 17 Pick. 538, is conclusive on this question. It was there held that the liability

to pay for the party wall was a mere personal liability, and not repugnant to a covenant in a deed that the land was free from incumbrances. .

The easement which passed from *Schenck* to his grantees was the right to the support of the party wall afforded by that part thereof which rested upon the land of *Isham.*

*Schenck* and *Isham* were not tenants in common of the party wall, but each owned the part thereof on his side of the line. *Schenck* advanced the money to build *Isham's* moiety, on the agreement of the latter that he, or his heirs, would repay it when he or they should have occasion to use the wall. This is clearly a mere personal covenant, in no wise connected with, or affecting the enjoyment of, the lot conveyed to *Bloch.*

The judgment is affirmed, with costs.

*T. J. Merrifield* and *W. H. Calkins*, for appellant.

*H. A. Gillett*, for appellees.

