THOMSON *et al.* v. CURTIS *et al.*

Party-wall: CONVEYANCE. The right to that portion of a party-wall which rests upon the lot of an adjoining owner is, under our statute, a right not personal to the owner of the lot on which the building is erected, but one running with the land; and a conveyance of the lot on which the building is erected passes to the grantee the right to recover of the adjacent owner the value of one-half the wall when used by him.

*Appeal from the District Court of Lee County.*

THURSDAY, OCTOBER 21.

ACTION to recover for one-half the value of a partition wall from the defendant J. L. Curtis, who had used the same as a wall, and for support of his building. Rufus Wilsey intervened, and claimed to recover for the wall, in his own right. The action was tried to the court, and judgment rendered against the defendant Curtis and in favor of Wilsey, the intervenor, for the sum of $555.87, as being the one-half value of the wall used by Curtis; and the plaintiffs' petition was dismissed, with costs. The plaintiffs appeal. The further facts are stated in the opinion.

*H. Scott Howell* for the appellants:

Under the documentary evidence and written agreement of facts filed in this cause, the law is for the plaintiff.

1. Because, under the three deeds of R. Wilsey to P. V. Hornish, Wilsey, intervenor, parted with every *interest*, right and title in and to, or appertaining to, the said "*Estes House*" property. Rev. 1860, § 29, par. 8; id. § 2209.

2. The true meaning of the words, "person who built it," in section 1915, must be determined by other words in same act; doubtless intended to describe some party,

to wit: the party who owns the *building* or *wall*. Compare sections 1922, 1923, 1924 and 1925.

3. This right to have pay for the use of the *Estes House wall is not a personal claim,* but is an easement, which "passes with the grant of the principal thing," and "runs with the land." "Easement" defined in *Ritger* v. *Parker,* 8 Cush. 147; *Wickersham* v. *Orr,* 9 Iowa, 254, only Iowa case.

Our law is copied from the Louisiana code. What easements pass by sale, as interpreted by Louisiana courts, see *Durall* v. *Boisblank,* 1 La. Ann. 407. In this case, a house sold carried right of way over the lot. See *Bruning* v. *N. O. C. & R. Co.,* 12 id. 541; *Morrell* v. *Fowler,* 3 id. 166. Both plaintiff and defendant bought at public sale, and neither built the wall; plaintiff recovered. See *Lavillebeuvre* v. *Cosgrove,* 13 id. 323. Easement of light, window, passed by deed. As to authorities in other States, see *Savage* v. *Mason,* 3 Cush. 505; *Wyman* v. *Ringold,* 1 Bradf. 52–63; *Thomson* v. *Rose,* 8 Cow. 299; *Burlock* v. *Peck,* 2 Denio, 97; *Morgan* v. *Mason,* 20 Ohio, 406, 407, 408, 412, 414; 1 Smith's Lead. Cases (ed. 1855), 115, 116, 140, 153, 176, 178, 103, 104, 133, 154, 158 and 159; Rawl. on Cor. Title, 242, 243, 359, 366, 367; *Hunt* v. *Ambraster,* 14 Law Reg. 61; 27 Law Lib. 84, 85, 92, 93; *Spencer's Case,* 19 Pick. 449; *Moses* v. *Aldrich,* 21 Wend. 120; *Beddoe* v. *Wadworth,* 3 Denio, 297; *Allen* v. *Culver,* Washburn on Easements; *Black* v. *Isham,* 28 Ind. 38.

*Gilmore & Anderson,* for the appellee, cited *Black* v. *Isham,* 28 Ind. 38; *Cushing* v. *Nichols,* 17 Pick. 538; *Wickersham* v. *Orr,* 9 Iowa, 254.

COLE, J.— Rufus Wilsey was the owner of lots one, two and three, in block sixty-five, in Keokuk, and while such owner he built thereon a large five-story brick building,

known as the Estes House. The west wall was built one-half on the lot adjoining, then owned by one Bertram. Wilsey afterward sold the property to Hornish, and took a trust deed upon it to secure the deferred 'payments; the property was afterward sold under the trust deed, and plaintiffs, J. Edgar Thompson and Wm. M. Watts, became the purchasers and owners. Bertram afterward sold the east half of lot four to the defendant J. L. Curtis, and he built a three-story brick storehouse thereon, using the west wall of the Estes House for his east wall, and resting his joists and timbers therein. This suit is brought by Thompson and Watts against Curtis, to recover the value of the one-half of said wall used by Curtis. Wilsey intervenes, and claims to recover for one-half the wall in his own right, claiming that the half of the Estes House wall, situated on lot four, did not pass by his conveyance to Hornish, nor by the conveyances to plaintiffs, which were in the usual form. In other words, the question is, whether the right to the half of the wall resting upon the adjoining lot is personal to the party building it, or does it pass to the vendee, as a right running with the land?

Our statute on this subject is found in our Revision, ch. 83, §§ 1914 to 1925, inclusive. It is copied from the civil law, as found in art. 671, Civil Code of Louisiana.

Upon the question whether it is a personal claim or a right running with the land, the decisions of the courts in the different states are not in accord. This difference, however, may, to a very great extent, be accounted for by the difference in the statutory provisions under which the decisions have been made. The respective counsel have, with their characteristic diligence, collected the authorities in support of their respective positions. We need not review them, nor, indeed, do more than simply refer to them as cited by counsel in their briefs.

We hold that the right to the half of the wall resting upon the adjoining lot, is, under our statute, a right running with the land. This holding is grounded upon both the language and the reason of the law. The right to build and rest one-half of the wall upon the adjoining lot exists only in favor of the owner (or one claiming under him) of the lot on which the main building is erected. If he was not the owner ("a neighbor"), he would have no right to occupy any portion of the adjoining lot for that purpose. Then it is a right which attaches to the ownership of the lot; an easement which an adjoining owner ("a neighbor") may enjoy and use. When he sells the lot and ceases to be an adjoining owner, he ceases to have the right to build a wall on the adjoining lot; and why not cease to have the right to occupy the lot with one-half his wall? Suppose the owner of the adjoining lot, on which one-half the wall built by his neighbor has been rested, should say to his neighbor thus building it, and who had subsequently sold his lot, that he must remove the half wall from the lot of the party notifying him? What answer could he make? He could not say that he was the owner (or in civil law parlance ("a neighbor"), and hence had a right to rest his half wall there; for he has ceased to be the owner or neighbor, in whom alone the right to rest the half wall exists. A party who is not a neighbor — an adjoining owner — has no right to rest a half wall upon another's property. This right exists only in a neighbor, and when he ceases to be a neighbor, the right *in him* must cease also, or pass to him who becomes a neighbor in his stead. Since it is a right, privilege or easement existing in favor of an owner or neighbor, it must pass when the ownership or neighborship passes, or it must abate entirely. It cannot exist as a separate property. The phrase, "person who built it," contained in the statute,

can only mean *the owner*, whether he became such by building the wall in person, or hiring it done by another, or by purchasing it with the lot after it is built.

This holding is in accord with the decisions of the Louisiana courts upon their statute, which is ours also. *Durell* v. *Boisblank*, 1 La. Ann. 407 ; *Morrell* v. *Fowler*, 1 id. 166 ; *Brenisey* v. *N. O. C. & B. Co.*, 12 id. 541 ; *Lavilliebuore* v. *Cosgrove*, 13 id. 324. The rule in New York is the same as in Louisiana; while the Pennsylvania rule has been different; so, also, in Indiana. See the authorities cited from these States in the briefs of counsel.

This holding operates to reverse the judgment in favor of the intervenor, Wilsey, and to establish the right of recovery, if any, in the plaintiff.

In view of all the evidence as to the value of the wall, we cannot say that the court erred in its assessment of the value.

Reversed.