## BERTRAM V. CURTIS.

1. **Conveyance: INCUMBRANCE: PARTY-WALL.** Where the owner of a vacant lot, having the half of a neighbor's wall resting thereon, sells and conveys the same with covenants, he is not liable thereon, under our statute, as for an incumbrance.

2. ——**PARTY-WALL: PRESUMPTION.** Where a half-wall rests upon a vacant lot, the presumption under our statute is, that it belongs to the owner of the contiguous lot whereon rests the main building; otherwise, if such half-wall has been used by the erection of a building supported therein on the lot vacant when the half-wall was built.

*Appeal from Lee Circuit Court.*

FRIDAY, JANUARY 27.

ACTION in equity to foreclose a mortgage made by defendant to plaintiff, upon the easterly half of lot 4, block 65, city of Keokuk, to secure a note given in part consideration of its purchase. The defendant claims a set-off for $656.70, for that plaintiff conveyed said lot to him with covenants of warranty against incumbrances, etc.; and at the time of sale and conveyance there was a large brick building, known as the Estes House, standing on the adjoining lots, 1, 2 and 3, with one-half the westerly wall thereof on lot 4, having been so constructed under the laws of Iowa respecting partition walls; that the same became a lien or claim on lot 4, and was so at the time of said conveyance; that since his purchase the defendant had built on lot 4, and used the westerly wall of the Estes House in constructing his building; and said half-wall never having been paid for by plaintiff, the defendant had been compelled by suit to pay therefor the sum of $656.70, which he pleads as a set-off for breach of warranty, etc. To this part of the answer the plaintiff demurred, because the facts stated did not constitute a set-off, nor an incumbrance, nor

damage. The circuit court overruled the demurrer; the plaintiff stood thereon, and judgment was rendered for plaintiff for the amount due, less the set-off. The plaintiff appeals.

*H. Scott Howell* for the appellant.

*Gillmore & Anderson* for the appellee.

Cole, J. — The single question presented by this appeal is, whether the resting of one-half of a neighbor's wall upon the contiguous vacant lot constitutes an incumbrance on the lot, so that the vendor would be liable to the vendee, in the absence of stipulation or representation in respect of it? We unite in holding that it does not.

1. CONVEYANCE: incumbrance: party-wall.

If no half-wall was resting upon it at the time of sale and conveyance, the owner of the contiguous lot might, under our statute, construct and rest it thereon the very next day, without any liability to the purchaser and then owner. This right to so rest a half-wall upon the contiguous lot is given by statute, and it is no more an incumbrance after the wall is erected than before. The right so to rest the wall is an easement mutual to contiguous lots. The burden of expense in constructing the wall and enjoying the easement rests primarily upon him who first enters upon it. The other must share equally that burden when he enters upon the enjoyment of his easement. When both enjoy the easement, it is like the original right, exactly reciprocal, and the wall is then a party-wall.

In the absence of any representations by the vendor of a vacant lot as to the ownership of a wall resting one-half thereon, the presumption of law, under our statute, is that the ownership is in him who built it or his grantees; for the builder has no legal right to demand, nor the owner of the vacant lot any obligation

2. — party-wall: presumption.

to pay for, the half resting on the vacant lot, until the owner of such lot shall use the same as a party-wall, though he *may* do so, or join in building it. But in case the wall was so used by the owner of the lot, vacant when the wall was built, but now covered with a building resting therein, the presumption is that it belongs to the grantor of the lot; for prior thereto, and at the time of using it, the law devolved upon him the duty and obligation to pay therefor. In both cases the presumptions are in accord with the legal right and the reciprocal obligation. Rev., ch. 83, §§ 1914 to 1925.* *Thompson et al. v. Curtis et al.*, 28 Iowa, 229.

In the case just cited, which was a controversy in respect to this same property, we held that the right to receive pay for the half-wall, when made a party-wall and used as

---

[This law is copied from the civil law, see article 671, Civil Code of Louisiana.]

* SECTION 1914. ( 1.) That in cities, towns, and other places surveyed into building lots, the plats whereof are recorded, he who is about to build contiguous to the land of his neighbor may, if no wall be on the line between, rest one-half of his wall on his neighbor's land, *provided*, he build of brick or stone, at least as high as the first story; *and provided*, the whole thickness of such wall, above the cellar wall, do not exceed eighteen inches, not including the plastering, which, for the purpose of this act, is not to be considered as part of the wall; *and provided, also*, that his neighbor shall not be compelled to contribute to the expense of said wall.

SEC. 1915. ( 2.) If his neighbor be willing, and does contribute one-half of the expense of building such wall, then it is a wall in common between them; and if he even refuses to contribute to the building of such wall, he shall yet retain the right of making it a wall in common, by paying to the person who built it one-half of the appraised value of said wall at the time of using it.

SEC. 1916. (3.) Every wall being a separation between buildings, shall, as high as the upper part of the first story, be presumed to be a wall in common, if there be no titles, proof, or marks to the contrary.

SEC. 1917. ( 4.) The repairs, and rebuilding of walls in common, are to be made at the expense of all who have a right to the same, and in proportion to the interest of each therein; nevertheless, every co-proprietor of a wall in common may be exonerated from contributing to the repairs or building by giving up his right in common; *provided*, no building belonging to him be actually supported by the wall thus held in common.

SEC. 1918. ( 5.) Every co-proprietor may build against a wall held in common, and cause beams or joists to be placed therein, and any person building such a wall shall, on being requested by his co-proprietor, make the necessary flues, and leave the necessary bearings for the joists or beams, at such height and distance apart as shall be specified by his co-proprietor.

such, passed to the grantee of the owner building it. And now we hold that the obligation to pay for it rests upon the grantee and owner of the vacant lot at the time of using it; and since he enjoys the use and derives the benefit of it, until which no obligation to pay arises, he must discharge that obligation which his own act has brought into existence, and the consideration for which he now enjoys.

Reversed.