Hazlett v. Sinclair.

———•••———

No. 7510.

HAZLETT v. SINCLAIR.

CONVEYANCE.—*Covenants Running with Land.*—*Partition Fence.*—*Easement.*—*Deed.*—*Privity of Estate.*—*Vendor and Purchaser.*—*Case Distinguished.*—In an action for the recovery of money expended in repairing a partition fence, the defendant answered, alleging that at a certain date A., being the owner of the land now owned by the plaintiff and defendant, conveyed to one B. the land owned by the defendant, which adjoins that of the plaintiff; that the deed of conveyance to B. contained a covenant, "that the said grantors, for themselves, their heirs, assigns, executors and administrators, do hereby agree and covenant, as a part of this conveyance, that they will forever maintain and keep up a good and sufficient fence or wall on the line between them

and the said" B.; that the defendant purchased of B. and received from him a warranty deed; that the plaintiff acquired title from A., and that the deeds forming his chain of title all contained full covenants of warranty; that the partition fence named in the complaint is on the line designated in the deed of A. to B. containing the foregoing covenant.

*Held,* that the answer was sufficient on demurrer.

*Held,* also, that the covenant in the deed of A. to B. was not a personal covenant, but one running with the land, and imposed a burden upon it in the hands of A.'s grantees, near or remote. *Bloch* v. *Isham,* 28 Ind. 37, and *Taylor* v. *Owen,* 2 Blackf. 301, distinguished.

*Held,* also, that there was the requisite privity of estate between the covenantor and covenantee for the covenant to operate upon the land now owned by the plaintiff, and that he took it burdened with the covenant of an easement running with the land, in favor of defendant.

SAME.—*Easement.*—The grant of a strip of land, and a covenant to maintain a fence thereon, imposed an easement. in favor of the grantee, upon the adjacent lands of the grantor.

SAME.—*Notice Furnished by Deeds.*—A purchaser of real estate is bound to take notice only of such conveyances as have been executed by a grantor through whom he derives title, but he is chargeable with knowledge of all information supplied by deeds either of his immediate or remote grantors.

SAME.—An easement is an interest in land, and where notice thereof is furnished by the deeds of the grantor, his grantee is bound thereby.

From the Putnam Circuit Court.

*M. A. Moore* and *G. C. Moore,* for appellant.

*J. Birch, J. J. Smiley* and *W. G. Neff,* for appellee.

ELLIOTT, C. J.—This was an action by the appellee against the appellant, for the recovery of money expended in repairing a partition fence. The only error assigned is, that the court erred in sustaining a demurrer to the answer of the appellant.

The material allegations of the answer are, in substance, these: On the 16th day of December, 1858, one Simon Lisby was the owner of the lands now owned by the appellant and appellee; that, on that day, he conveyed to Richard M. Hazlett the land now owned by the appellant, and which adjoins that of appellee; that the deed conveying said land

contained the following covenant: "And the said grantors, for themselves, their heirs, assigns, executors and administrators, do hereby agree and covenant as a part of this conveyance, that they will forever maintain and keep up a good and sufficient fence or wall on the line between them and the said Richard M. Hazlett;" that appellant purchased of Hazlett and received from him a deed of warranty; that appellee also acquired title from the said Lisby, and that the deeds forming the appellee's chain of title all contained full covenants of warranty; that the fence named in the complaint is on the line designated in the deed of Lisby containing the foregoing covenant.

Appellant's theory is, that the covenant in Lisby's deed to Richard M. Hazlett is a covenant running with the land, and imposed a burden upon the land, and that all of Lisby's grantees, near or remote, took the land charged with this burden. The appellee, upon the other hand, contends that the covenant was a personal one, creating a personal charge against Lisby, but imposing no burden upon the land which would follow it into the hands of his grantees.

Much reliance is placed upon the case of *Bronson* v. *Coffin*, 108 Mass. 175 (S. C., 11 Am. R. 335). In that case, the person from whom both of the litigants derived title had conveyed a strip of ground to a railway company, and in the deed of conveyance was written: "I, the said T. G. Coffin, hereby covenant that I and my heirs and assigns will make and maintain a sufficient fence through the whole length of that part of the railroad which runs through my farm; this covenant of maintaining the fence to be perpetual and obligatory upon me and all persons who shall become owners of the land on each side of said railroad." This was held to be a covenant running with the land and not a mere personal covenant, the court saying: "It was therefore rightly ruled at the trial, that the clause in Coffin's deed did not create a merely personal obligation, but constituted

an incumbrance upon his adjoining lands." It was also held that a privity of estate was created, because such a covenant conveyed an easement in the lands of the grantor to the grantee. Cases are cited which strongly support the decision of the court. Among them are *Wheelock* v. *Thayer*, 16 Pick. 68 ; *Morse* v. *Aldrich*, 19 Pick. 449 ; *Savage* v. *Mason*, 3 Cush. 500 ; *Van Rensselaer* v. *Read*, 26 N. Y. 558 ; *Woodruff* v. *Trenton, etc., Co.*, 2 Stockton, 489 ; *Carr* v. *Lowry's Adm'x*, 27 Pa. St. 257. The case of *Savage* v. *Mason*, *supra*, is said to be ''the strongest case in favor of the position that the clause in Coffin's deed was a covenant running with the adjoining lands.'' In the case last named, a covenant very like that in the case we have in hand was held to run with the land, and it was said : ''The liability to perform, and the right to take advantage of, this covenant, both pass to the heir or assignee of the land, to which the covenant is attached. This covenant can by no means be considered as merely personal, or collateral, and detached from the land.'' In the case of *Easter* v. *Little Miami, etc., Co.*, 14 Ohio St. 48, the covenant in the deed was expressed in this language, that he, the grantor, ''his heirs and assigns, should build and keep up a fence on each side'' of the right of way granted, and this, after a very able and exhaustive discussion, was held to impose a burden upon the land of the grantor, which passed with it into the hands of his grantees. The Supreme Court of Vermont in *Kellogg* v. *Robinson*, 6 Vt. 276, in deciding upon the effect of a covenant very similar in its terms to that before us, examined with much care the ancient authorities, and held it to be a covenant running with the land. Among the authorities there cited is the old case of *Bally* v. *Wells*, 3 Wils. 25, where it was said : ''If lessee covenants to build a wall and assigns over his estate, the grantee of the reversion shall have covenant against the assignee, notwithstanding the covenant wants the word assigns, yet every assignee, by

accepting possession, hath made himself subject to all covenants concerning the land, but not to collateral covenants.'' In the case of *Boyle* v. *Tamlyn*, 6 B. & C. 329, BAYLEY, J., says: ''Such a right to have fences repaired by the owner of adjoining lands, is in the nature of a grant of a distinct easement, affecting the land of the grantor.'' In *Blain* v. *Taylor*, 19 Abb. Pr. 228, the covenant was very like the one upon which the present contest is waged, and it was held, that it created an interest in adjoining lands of the grantor, and ran with the land to those deriving title from him. In that case it was said: ''Although a covenant is made by one for 'himself, his heirs and assigns,' yet if the thing to be done is merely collateral, and in no respect concerns the land, an assignee is not bound. * * The covenant in the case before us, however, is not collateral, but relates to the land itself. The keeping of a fence * in repair, affects the land as much as keeping a house or any other building on the premises, in repair.''

It is true, as appellee asserts, that there must be a privity of estate between the covenantor and covenantee. There is in this case the requisite privity of estate. The grant of the strip of land and the covenant to maintain a fence imposed an easement in favor of the grantee upon the adjacent lands of the grantor. This is expressly adjudged in most, and impliedly held in all, of the cases cited. This easement passes, and can only pass, with the grant of the dominant estate to which it is attached. *Moore* v. *Crose*, 43 Ind. 30 ; Washburn on Easements, 87. There was, therefore, privity of estate between the covenantor and the covenantee ; for the covenant operated upon the lands now owned by the appellee. Counsel are mistaken in their statement that the appellant never acquired any interest in the land now owned by the appellee ; for, as we have seen, such an interest was acquired, although it is true that the interest was but an easement. The appellee is, therefore, a privy in estate own-

ing land burdened by a covenant running with it in favor of the appellant.

The case of *Bloch* v. *Isham*, 28 Ind. 37, is not in point. In that case the agreement was not embodied in the deed conveying the premises, but was a separate and independent agreement. Nor was there in that case any continuing covenant, but simply a personal contract that when one of the contracting parties used a partition wall built by the other, he should pay the one-half of the original cost thereof. It was held in *Taylor* v. *Owen*, 2 Blackf. 301, that a covenant granting the exclusive right to carry on a certain business upon premises demised to a lessee, and agreeing. that such business should not be carried on by any person upon any other lands owned by the lessor, was a mere personal covenant. In that case it was said: "Such a right of the proprietor of real estate to carry on trade upon his premises, can not be made the subject of a separate conveyance, so as to prevent the subsequent holder of the property, without his own agreement, from pursuing his lawful business there. This covenant between Owen and Taylor is entirely of a personal nature. It neither runs with the land of the covenantor; nor does it create any lien thereon, either legal or equitable." It is quite plain that the case from which we have quoted affords appellee no assistance.

It is claimed by appellee's counsel that he had no knowledge, either actual or constructive, of the right claimed in the land conveyed to him. It is said that he had no constructive notice, because he was bound to look only to the conveyances made by the grantor through whom he claims.

The rule undoubtedly is, that a purchaser is bound to take notice only of such conveyances as have been executed by a grantor through whom he derives title. *Corbin* v. *Sullivan*, 47 Ind. 356; *Ware* v. *Egmont*, 31 Eng. L. & Eq. 89. It is also true, however, that he is chargeable with knowledge of all information supplied by deeds either of his immediate or re-

mote grantors.    *Wiseman* v. *Hutchinson*, 20 Ind. 40.    The grant of the easement in the land now owned by appellee was contained in a deed of appellee's grantor, namely, that in which the covenant which gives rise to this controversy is written.    In discussing the character of that covenant, it has been incidentally said that the covenant to keep and maintain the fence conveyed an easement in the adjacent lands then owned by the grantor.    In Washburn on Easements, it is said :  ''And it may be stated, in general terms, that an easement to maintain a fence between two parcels may be attached to one in favor of another, if there be sufficient evidence of an original agreement to that effect between the owners.''    At another place the same author says :    ''But if a grantor, in terms, when granting lands by deed, covenant for himself, his heirs and assigns, to fence the premises, it would be a covenant which runs with the estate.''  P.  635. The doctrine of the author is supported by many cases cited in the notes to the text, and is, in fact, in principle the same as that declared in the cases cited by us.  The interest which the appellant acquired with the estate conveyed to him was an interest in the land now owned by the appellee, and notice of this interest was furnished to the latter by the deeds of the grantor through whom he claims title.

That an easement is an interest in land is well settled. *Snowden* v. *Wilas*, 19 Ind. 10 ; Washburn on Easements, 5.

The court erred in sustaining appellees' demurrer to the appellant's answer.

Judgment reversed, with costs.