No. 11,760.

## CONDUITT v. ROSS.

PARTY WALL.—*Covenant Running with Land.*—*Case Distinguished.*—A. and B. being owners of adjoining city lots, the former in erecting a building on his lot placed one-half the width of a side wall thereof on B.'s lot, pursuant to a written agreement of said parties, whereby, in consideration that A. should erect such a wall, B. bound himself, his heirs, executors, administrators and assigns, that whenever B., his heirs, executors, administrators or assigns, in any building he or they might erect on said lot so owned by B., should use said wall, or any part thereof, or attach any part of his or their building thereto, A. should be paid the full value of one-half of the original cost of said wall, and that B., his heirs, executors, administrators or assigns, should not use or attach to said wall until said value and cost should be ascertained and paid or tendered to A. After the erection of said building A. conveyed his said lot, with the improvements thereon, to C., reserving the right to receive compensation from adjoining property owners for the building or use of existing party walls. Afterwards D. became the owner of B.'s said lot, having purchased it with notice of said agreement, and erected a building thereon, and attached it to and used said wall.

*Held,* that B.'s covenant to pay ran with his said land, while the right to receive payment was personal to A.

*Held,* also, in an action brought on said contract by A. against D., that the latter was liable to the former for one-half of the original cost of the party wall, though, by reason of injury from fire, it was worth less than its original cost. *Bloch* v. *Isham,* 28 Ind. 37, distinguished.

From the Marion Superior Court.

*T. A. Hendricks, C. Baker, O. B. Hord, A. W. Hendricks, A. Baker, E. Daniels* and *W. S. Shirley,* for appellant.

*J. M. Judah* and *O. B. Jameson,* for appellee.

MITCHELL, J.—On the 26th day of April, 1875, Julia A. Ross and John Hauck were the owners of adjoining lots in the city of Indianapolis. Pursuant to a written agreement entered into by Mrs. Ross and her husband on the one part, and Mr. Hauck on the other, she placed one-half the width of the south wall of a four-story brick and stone building which she erected on her lot, on the north margin of the Hauck lot. After erecting the building, she conveyed the

lot, with the improvements thereon, to George P. Bissell, reserving by a stipulation contained in her deed, the right to receive compensation from adjoining property owners for the building, or use of existing party walls. Subsequently the appellant became the owner of the Hauck lot, and in 1882 commenced the erection of a building thereon, and attached the same to and used the wall erected by Mrs. Ross. Refusing to make payment, this suit was commenced to recover one-half the original cost of the wall. Upon issues made a trial was had, which resulted in a finding and judgment for the plaintiff.

Counsel for appellant rest their argument for a reversal of this judgment mainly upon the proposition that the agreement between Hauck and Mrs. Ross was purely personal to them, and that Conduitt, by using the wall erected in pursuance thereof, came under no obligation whatever in consequence of such use. They insist further, that, if liable at all, the extent of his liability was the actual value of the wall when used, and not its original cost.

The rights and obligations of the parties must be determined by a construction of the agreement already referred to, which is of the following tenor:

" This agreement between John Hauck of the first part, and Julia A. Ross and Norman M. Ross, her husband, of the second part, witnesseth: That in consideration that the parties of the second part shall erect a substantial brick wall, twelve inches in thickness and four stories high, on the line dividing the property of John Hauck and Julia A. Ross, in square 87, in the city of Indianapolis, Marion county, Indiana, which line is twelve feet south of the south line of lot No. 4, in Morris Morris' subdivision of square 87, in the city of Indianapolis, and which wall is to stand six inches in width upon the ground of said Hauck, and six inches upon the ground of said Ross, and is to run back the depth of said Ross's present building, and may at any time be extended further back on the same line the full depth of said

lots by either party, the full consent of said Hauck to the erection of said walls being hereby granted: Now, therefore, said John Hauck hereby binds himself, his heirs, executors, administrators and assigns, that whenever, after the erection of said wall or walls by the party of the second part, said Hauck, his heirs, executors, administrators or assigns, shall, in any building he or they may erect on the present ground of said Hauck, use said wall or any part thereof, or attach any part of his or their building thereto, then the said Julia A. Ross shall be paid, without relief from valuation or appraisement laws, the full value of one-half the original cost of said wall or walls. And it is further agreed that neither party shall have the right to so use any part of said wall or walls as to weaken or endanger the same,; and that said Hauck, his heirs, executors, administrators or assigns shall not in any wise whatever use or attach to said wall or walls so to be erected by said Ross, until the said value and cost of one-half thereof shall be ascertained, and paid or tendered to said Julia A. Ross.

"In witness whereof, we have hereunto set our hands and seals, this 26th day of April, 1875.

"(Signed)          JOHN HAUCK.    [SEAL.]
                        "JULIA A. ROSS.    [SEAL.]
                        "N. M. ROSS.      [SEAL.]"

This agreement was duly acknowledged and recorded in the miscellaneous records of Marion county, and it is averred that the appellant had actual notice of it at the time he purchased.

The liability of the appellant depends upon whether the contract set out constituted a continuing covenant, which became annexed to and ran with the Hauck lot. If it did, he is liable according to its terms; if it did not, he is liable in this form of action for nothing.

In considering whether a covenant is one which does, or does not, run with land, there is always embraced the following inquiries: 1. Is the covenant one which, under any cir-

cumstances, may run with land? 2. Was it the intention of the parties, as expressed in the agreement, that it should so run?

Doubtless, a covenant which, from its character, might run with the land, may be so restricted in terms as to make it purely personal, and available to the parties to it, and no other. So, too, a covenant may contain apt words to make it a continuing covenant; yet, if its nature or the subject-matter of it is such that it does not concern some interest or estate in land, either existing or created by it, it can not run with land.

When an instrument conveys or grants an interest or right in land, and at the same time contains a covenant in which a right attached to the estate or interest granted is reserved, or when the grantee covenants that he will do some act on the estate, or interest granted, which will be beneficial to the grantor, either as respects his remaining interest in the lands out of which an interest is granted, or lands adjacent thereto, such covenant is one which may become annexed to and run with the land, and bind its owners successively. When such grant is made, and contains a covenant so expressed as to show that it was reasonably the intent that it should be continuing, it will be construed as a covenant running with the land. • A covenant which may run with the land must have relation to the interest or estate granted, and the act to be done must concern the interest created or conveyed.

In *Bally* v. *Wells*, 3 Wils. 25, it was said: "When the thing to be done, or omitted to be done, concerns the lands or estate, *that* is the *medium* which creates the privity between the plaintiff and defendant."

By the contract under consideration, Mrs. Ross acquired the right to enter upon the Hauck lot and erect and permanently maintain thereon a party wall. This was a grant to her of an interest in land, and was of such a character that a perpetual covenant might be annexed to it. *Snowden* v.

*Wilas,* 19 Ind. 10; *Hazlett* v. *Sinclair,* 76 Ind. 488 (40 Am. R. 254) ; 1 Smith Leading Cases, 8th ed., 161, 162.

In consideration of this grant to her she covenanted to do an act beneficial to the remaining interest of Hauck; that act was the erection of a wall so situated as that one-half of it should rest on the margin of his lot, and the other half on hers, thus devoting each estate to the mutual support of the party wall. She at the same time covenanted that when she should be reimbursed one-half the cost of the wall, he, or his grantees, should acquire a reciprocal interest in her lot, and in legal effect become owner of one-half the party wall.

This agreement created what has been aptly termed mutual or cross easements in favor of each in the lot of the other, and was an arrangement mutually beneficial to both properties. *Fitch* v. *Johnson,* 104 Ill. 111 ; *Roche* v. *Ullman,* 104 Ill. 11; *Bronson* v. *Coffin,* 108 Mass. 175 (11 Am. R. 335) ; *Thomson* v. *Curtis,* 28 Iowa, 229.

It contained, therefore, all the elements necessary to a covenant capable of running with the land. *Hazlett* v. *Sinclair, supra; Richardson* v. *Tobey,* 121 Mass. 457 (23 Am. R. 283) ; *Standish* v. *Lawrence,* 111 Mass. 111; *Maine* v. *Cumston,* 98 Mass. 317 ; *Savage* v. *Mason,* 3 Cush. 500; *Brown* v. *McKee,* 57 N. Y. 684; *Keteltas* v. *Penfold,* 4 E. D. Smith, 122; *Platt* v. *Eggleston,* 20 Ohio St. 414; *Masury* v. *Southworth,* 9 Ohio St. 340 ; *Bertram* v. *Curtis,* 31 Iowa, 46 ; *Norfleet* v. *Cromwell,* 70 N. C. 634, 641 (16 Am. R. 787).

It is apparent, too, that it was the intention of the parties that the covenant to pay should run with the land. The words used in that connection are those usually and aptly employed for the purpose : "John Hauck hereby binds himself, his heirs, executors, administrators and assigns, that whenever, after the erection of said wall or walls by the party of the second part, said Hauck, his heirs, executors, administrators or assigns, shall, in any building he or they may erect," etc., they will pay, etc. A continuing covenant may exist without the word "assigns," or "grantees," but when

these or equivalent words are used, they become persuasive of the intent of the parties. *Van Rensselaer* v. *Hays*, 19 N. Y. 68. It was the manifest purpose of the parties that the right to receive payment for the wall should be personal to Mrs. Ross. It was stipulated that payment should be made to Julia A. Ross.

It results that the complaint was sufficient, and that the second paragraph of answer, in which it was alleged that the wall, by reason of injuries sustained from fire, was worth much less than the original cost, was insufficient, and the respective rulings of the court were not erroneous.

The covenant being one which ran with the land, when the appellant availed himself of its benefits he became related to it as the original covenantor, and it became the measure of his obligation. We think it is fairly deducible from the complaint that the appellant derived his title through Hauck.

Judgment affirmed, with costs.

Filed April 21, 1885.

## ON PETITION FOR A REHEARING.

MITCHELL, C. J.—The learned counsel for appellant, in support of their petition for a rehearing, suggest that it was decided in *Bloch* v. *Isham*, 28 Ind. 37, *Taylor* v. *Owen*, 2 Blackf. 301, and *Hazlett* v. *Sinclair*, 76 Ind. 488, that an instrument of the character in question here does not convey or grant an interest in land. We entertain a different view of the cases mentioned. *Bloch* v. *Isham*, *supra*, was a suit by the grantee of the first builder, to recover from the second builder one-half the cost of a party wall, and it was held there, as we hold here, that the right to receive payment for the wall was personal to the first builder. It is true it was said in that case that it turned " upon the solution of the question as to whether Isham's agreement to pay for one-half of the party wall is a covenant running with the land." Under the Iowa statute it was held, in the cases cited in the principal opinion, that an easement is created, and that both the

obligation to pay and the right to receive payment run with the land.

We think the covenant to pay might well run with the land, while the right to receive payment might, as it was held in *Bloch* v. *Isham, supra,* be personal to ·the first builder. This must depend upon the contract, in the absence of statutory regulation.    It was said in that case, that the agreement there under consideration embraced, substantially, the provisions of the Pennsylvania statute. Under the statute of that State, the second builder is always held liable to pay the first builder,. which, we think, is the result of the agreement in this case. So far as *Bloch* v. *Isham, supra,* holds that the agreement was personal to the first builder, and did not enure to the benefit of his grantee, which was the only question before the court,. we are strictly in accord with it. What was said beyond that must be regarded as having resulted from the distinction which is to be made between the agreement there under review and that which we are considering.    The covenant, as it is there recited by the court, is : " Schenck and Isham  * * entered into a written agreement, whereby Schenck acquired the right to build one of the walls of a brick store, then in process of erection on his own lot, with one-half of its thickness resting· on the lot of Isham ; and Isham acquired for himself, his heirs or assigns, the right to use said wall by joining a building thereon, and agreed for himself and them to pay one-half of the original cost of said wall, when he or they should use the same."

In effect, Isham personally agreed for himself and his grantees to pay when he or they should use the wall. In the case before us Hauck made no such agreement.  It may be said moreover, that the case of *Weld* v. *Nichols,* 17 Pick. 538, which is regarded as conclusive of the question there involved, will be found to have a very remote, if any, bearing on the question we are considering under this agreement.

We have said this much to indicate that so far as the point involved in *Bloch* v. *Isham, supra,* was concerned, we are in

accord with it, and beyond that it must be considered as distinguished by the character of the agreement.

As to *Taylor* v. *Owen, supra,* the principles involved are essentially different, and for support of the proposition that a continuing covenant may be annexed to an easement in land, and that there is in consequence such privity of estate as makes the appellant liable on the covenant, we need go no farther than *Hazlett* v. *Sinclair, supra.*

The petition for a rehearing is overruled.

Filed June 13, 1885.