Andrew A. SZAKALY, Jr. and Nancy
Szakaly, Appellants
(Plaintiffs Below),

v.

Ron SMITH and Linda Smith,
Appellees (Defendants Below).

No. 03A04–8710–CV–329.

Court of Appeals of Indiana,
Fourth District.

June 28, 1988.

Andrew A. Szakaly, Jr., Nashville, for appellants.

Timothy J. Vrana, Sharpnack, Bigley, David & Rumple, Columbus, for appellees.

CONOVER, Judge.

Andrew A. and Nancy Szakaly, Jr. (Szakalys) appeal the Bartholomew Circuit Court's determination they had no ease-

ment by deed over adjacent property owned by Defendants–Appellees Ron and Linda Smith (Smiths).

We reverse.

Because we reverse, we consider only one issue, namely, whether the current owners of a servient tenement are chargeable with constructive notice of an easement of way over their property where the deed granting that easement to the former owners of the dominant tenement

(a) was executed and delivered before the servient tenement was deeded,

(b) was not recorded until after the deed conveying the servient tenement was recorded, but

(c) was recorded prior to conveyance of the servient tenement to its current owners,

where no reference ever was made to the dominant tenement's easement of way in the deeds which conveyed the servient tenement from owner to owner.

Sherrill E. and Isabelle A. Arvin (Arvins) owned a 195 acre tract of land in Brown County, Indiana. It was first divided in 1956 when the Arvins conveyed 190 acres thereof to the Ransburgs, the Szakalys' predecessors in title. That deed also granted the Ransburgs an easement of way over the remaining 5 acres of the original tract. However, the Ransburgs did not record this deed until nine years later in August, 1965.

In March, 1957, the Arvins conveyed the remaining 5 acre parcel to Arressia Allender, trustee, who on the same day reconveyed it to Isabelle A. Arvin alone. Neither those deeds nor any later ones mentioned the easement of way which had been granted to the Ransburgs in the 1956 Arvin–Ransburg deed. These deeds were recorded on the same day they were executed and delivered in March, 1957. After mesne conveyances, the Szakalys and the Smiths became the current owners of the 190 acre tract (dominant tenement) and the 5 acre parcel (servient tenement), respectively. The Szakalys derive their title from two deeds executed and delivered in 1982 and 1983, both recorded in April, 1983. The servient tenement was deeded to Ronald Smith in December, 1979. That deed was recorded the next day, December 11, 1979, fourteen years and four months after the Arvin–Ransburg deed conveying the easement of way had been recorded.

Although initially finding an easement by deed existed over the servient tenement in favor of the dominant tenement, the trial court reversed itself by granting the Smiths' motion to reconsider, finding

... the deed describing an easement in favor of plaintiffs' predecessors in title was outside the defendants' chain of title, therefore, the defendants take their five (5) acres free and clear of any easement of record.

(R. 500).

▆▆▆ The Szakalys appeal from a negative judgment, that is, having the burden of proof below, the court entered judgment against them. The party appealing from a negative judgment must show on appeal the trial court's judgment is contrary to law. *McClure Oil v. Murray Equipment, Inc.* (1987), Ind.App., 515 N.E.2d 546, 553; *Steward v. City of Mt. Vernon* (1986), Ind. App., 497 N.E.2d 939, 942. We may reverse in such case only when the evidence is without conflict and leads unerringly to a conclusion different from that reached by the trial court. *McClure Oil, id.; Dotlich v. Dotlich* (1985), Ind.App., 475 N.E.2d 331, 342, *trans. denied.*

▆▆▆ The Smiths argue where a grantor-grantee system of indexing is in use, as is the case in Indiana, cf. I.C. 36–2–11–12, a later-recorded instrument is placed outside the chain of title permanently. Title searching under such a system starts with the person to whom the land was granted by the United States and continues until his grant of the parcel in question, or a portion thereof, is found. Any grants he makes during that period are in the chain of title. The process is then repeated, with the name of the new owner searched until he disposes of the particular parcel, the Smiths say, citing Schroeder, "Abstracts & Their Examination," *Real Estate Practice in Indiana,* XVIII–8, 9 (1982). Thereafter, the name of each owner is searched from

the time such owner acquires title to a particular tract to the time such owner disposes of his title, and not beyond that time. *Gaydos v. Edwards* (1955) N.Y.Sup. Ct., 139 N.Y.S.2d 154. In this manner, the Smiths claim, title is traced down or forward, see *Corbin v. Sullivan* (1874), 47 Ind. 356.

> In their brief, the Smiths assert
>
> Had Ransburgs recorded promptly, Szakalys could rightfully claim an easement by deed. If Ransburgs had recorded their deed prior to the Arvins–Allender deed, the Arvins–Ransburgs conveyance would be in Smith's chain of title.

(Appellees' Brief, p. 10). However, "once out, always out," the Smiths, in effect, argue. They cannot be charged with constructive notice of the easement of way, they claim, even though the Arvin–Ransburg deed granting it was recorded more than fourteen years before they acquired title to the 5 acre servient tenement, also citing *Snow v. Pioneer Title Ins. Co.* (1968), 84 Nev. 480, 444 P.2d 125. The Arvin–Ransburg deed granting the easement of way across their property is out of their chain of title because it was recorded after their property, the 5 acre servient tenement, was conveyed to Isabelle A. Arvin through "straw man" Allender in 1957, they posit. We disagree.

IND.CODE 32–1–2–11 reads in pertinent part

> No conveyance of any real estate in fee simple ..., shall be valid and effectual against any person other than the grantor, his heirs and devisees, and persons having notice thereof, unless it is made by a deed recorded within the time and in the manner provided in this chapter.

and I.C. 32–1–2–16 reads in part

> Every conveyance ... of lands or of any interest therein, ... shall be recorded in the recorder's office of the county where such lands shall be situated; and every conveyance, ... shall take priority *according to the time of the filing thereof,* and such conveyance, ... shall be fraudulent and void as against any subsequent purchaser, ... in good faith and for a valuable consideration, having his deed, ... first recorded. (Emphasis supplied).

The purpose of this section is to protect subsequent purchasers by giving them notice of prior purchases or incumbrances. *Lincoln National Bank & Trust Co. v. Nathan* (1939), 215 Ind. 178, 19 N.E.2d 243, 248; *Rogers v. City of Evansville* (1982), Ind.App., 437 N.E.2d 1019, 1028.

The earliest Indiana case which deals with the precise question before us is *Hazlett v. Sinclair* (1881), 76 Ind. 488. There, the common grantor severed a parcel into two tracts. The deed conveying the dominant tenement provided the grantors "will forever maintain and keep up a good and sufficient fence or wall on the line between them and the said [grantee]; ...". A subsequent grantee of the dominant tenement later sued a subsequent grantee of the servient tenement to recover the money he had expended to repair the partition fence. As to constructive notice in that case, the *Hazlett* court said

> It is said that [the servient tenement's owner] had no constructive notice, because he was bound to look only to the conveyances made by the grantor through whom he claims.
>
> The rule undoubtedly is, that a purchaser is bound to take notice only of such conveyances as have been executed by a grantor through whom he derives title. *Corbin v. Sullivan,* 47 Ind. 356; *Ware v. Egmont,* 31 Eng.L & Eq. 89. It is also true, however, that *he is chargeable with knowledge of all information supplied by deeds either of his immediate or remote grantors. Wiseman v. Hutchison,* 20 Ind. 40. The grant of the easement in the land now owned by appellee was contained in a deed of appellee's grantor, namely, that in which the covenant which gives rise to this controversy is written.... The interest which the appellant acquired with the estate conveyed to him was an interest in the land now owned by the appellee, *and notice of this interest was furnished to the latter by the deeds of the grantor*

*through whom he claims title.* (Emphasis supplied).

*Hazlett,* 76 Ind. at 493–494. Regarding *Snow,* we need only observe Nevada follows a different rule. As *Hazlett* indicates, Indiana is one of the jurisdictions which recognize an exception to the rule that the record of a conveyance out of the line of title does not give constructive notice of its contents to innocent purchasers for value without notice, cf. 66 *Am.Jur.2d* (Records and Recording Laws) § 121, p. 414.

Thus, the Arvin–Ransburg deed was in the servient tenement's chain of title from the time it was recorded and constitutes constructive notice of the easement of way across the servient tenement to all of its subsequent purchasers, including the Smiths. *Rogers v. City of Evansville* (1982), Ind.App., 437 N.E.2d 1019, 1028; *Howard D. Johnson Co. v. Parkside Development Corp.* (1976), 169 Ind.App. 379, 348 N.E.2d 656, 661. The holding in *Hazlett* has the effect of charging grantees of servient tenements with knowledge of all the information supplied by the recorded conveyances of the common grantor. *Howard D. Johnson Co.,* 348 N.E.2d at 661. Because the servient tenement was deeded to Ronald Smith in December, 1979, the Smiths are chargeable with constructive notice of the easement of way over their property because the Arvin–Ransburg deed, recorded in 1965, was in their chain of title.

Reversed and remanded with instructions to enter judgment for the Szakalys.

MILLER, P.J., and HOFFMAN, J., concur.